■ GERARD PRESTA et al., Appellants, v JACK T. HOUSSIAN et al., Defendants, and JOSEPH LISA, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs

appeal (1) from an order of the Supreme Court, Queens County (Katz, J.), entered May 31, 1990, which granted the motion of the defendant Joseph Lisa for summary judgment dismissing the complaint and the cross claims interposed against him, and (2) as limited by their brief, from so much of an order of the same court, dated September 7, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered May 31, 1990, is dismissed, as that order was superseded by the order made upon reargument; and it is further,

Ordered that the order dated September 7, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

In support of his motion for summary judgment dismissing the complaint and all cross claims interposed against him, the defendant Joseph Lisa tendered proof in admissible form *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068) establishing that there was no issue of fact with respect to his negligence. This evidence indicated that Joseph Lisa's car was completely stopped at a red light when it was hit. The Supreme Court properly held, in the original determination in the order entered May 31, 1990, that an opposing affirmation of counsel for the codefendants Jack T. and Iven T. Houssian was not probative *(see, Farragut Gardens No. 5 v Milrot,* 23 AD2d 889), and that the affidavit of the plaintiff Gerard Presta did not contain "evidentiary facts or materials to rebut the prima facie showing by defendant Joseph Lisa and demonstrate the existence of a triable issue of fact".

The affidavit of the plaintiff Elfia Presta, wife of the plaintiff Gerard Presta, which was submitted by the plaintiffs upon reargument, was no less speculative and conclusory than that offered by her husband in opposition to the motion for summary judgment.

Accordingly, the complaint and cross claims interposed against the appellant Lisa were properly dismissed. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.