■ ANDRES ORTIZ et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [607 NYS2d 701] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 25, 1991, which (1) granted the plaintiffs' motion for leave to serve an amended notice of claim, and to dismiss the defendant's third affirmative defense regarding the sufficiency of the plaintiffs' original notice of claim, and (2) denied the defendant's cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

The purpose of requiring the plaintiffs to file a notice of claim against the New York City Housing Authority (hereinafter the Housing Authority) within 90 days from the accident was to allow the Housing Authority to timely and effectively investigate the circumstances attendant to the accident *(see, Matter of Wertenberger v Village of Briarcliff Manor,* 175

AD2d 922). In this case, the plaintiffs' notice of claim was defective because it did not correctly describe either the location of the accident or the manner in which it occurred. Indeed, the Housing Authority did not learn of the correct location and manner in which the subject accident occurred until approximately eight months after the accident date, when the plaintiff testified at a hearing conducted pursuant to General Municipal Law § 50-h. Under these circumstances, the Housing Authority was prejudiced by virtue of the impairment of its ability to timely and effectively investigate the circumstances of the accident. Accordingly, we conclude that the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for leave to serve an amended notice of claim. Since the original notice of claim was clearly insufficient, the Housing Authority's cross motion to dismiss the complaint is granted. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.