■ HUGH CHARLES et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [613 NYS2d 35] —In an action, *inter alia,* to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated July 31, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The notice of claim filed pursuant to General Municipal Law § 50-e failed to describe the accident location with sufficient particularity to enable the defendant to conduct a proper investigation of the site and otherwise assess the merits of the plaintiffs' claim *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Ortiz v New York City Hous. Auth.,* 201 AD2d 547). The notice of claim erroneously described the accident site as being "at the Atlantic Avenue Station for the '#2' Train, more specifically, at stairway 'P-10' ", when the actual location of the accident was at the adjacent Pacific Street subway station on stairway P-10. An investigation conducted by the defendant revealed that stairway P-10 did not exist at the Atlantic Avenue subway station. The defendant did not learn of the correct location of the accident until approximately 23 months after the accident date, during the oral argument of this motion for summary judgment. Under these circumstances, the defendant was prejudiced because the defect in the notice of claim deprived it of the opportunity to timely and effectively investigate the circumstances of the accident *(see, Caselli v City of New York,* 105 AD2d 251, 253). Accordingly, we conclude that the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.