■ Anwar M. Shaikh et al., Appellants, v Sansone Nissan, Respondent. [616 NYS2d 239] —In an action to recover damages for breach of contract, the plaintiffs appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated November 9, 1992, which denied their motion for summary judgment, and granted the defendant's cross motion for summary judgment dismissing the plaintiffs' complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contentions, they have failed to raise any triable issue of fact which would preclude summary judgment in favor of the defendant (see, Rotuba Extruders v Ceppos, 46 NY2d 223, 231; Presta v Houssian, 186 AD2d 729). Accordingly, summary judgment dismissing the plaintiffs' complaint was properly granted. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.

■ Ruby Simms et al., Appellants, v City of New York, Respondent. [616 NYS2d 239] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 25, 1992, which denied their motion to amend their notice of claim pursuant to General Municipal Law § 50-e (6).

Ordered that the order is affirmed, with costs.

Pursuant to General Municipal Law § 50-e (6), the court, in its discretion, may permit a party to amend its notice of claim to correct a mistake, provided that the other party is not prejudiced thereby. In the case at bar, the plaintiffs' original notice of claim, served in April of 1989, contained incorrect information regarding, inter alia, the location of the accident. More than a year later, the plaintiffs sought to amend their notice of claim so as to correct the erroneous information set forth in the original notice of claim.

In view of the lengthy delay in seeking amendment, we find that the defendant has been manifestly prejudiced since it has been deprived of the opportunity to timely and effectively investigate the circumstances of the accident (see, Charles v New York City Tr. Auth., 205 AD2d 488; Caselli v City of New York, 105 AD2d 251, 253). Accordingly, the Supreme Court did not improperly exercise its discretion in denying the plaintiffs' application to amend their notice of claim (see, General Municipal Law § 50-e [6]). Lawrence, J. P., Santucci, Friedmann and Krausman, JJ., concur.