■ VIVIAN DE LOS SANTOS et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [625 NYS2d 80] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Milano, J.), entered October 13, 1993, which, inter alia, (a) denied their motion to strike the defendant's third affirmative defense or for leave to amend their notice of claim, and (b) granted the defendant's cross motion to dismiss the complaint, and (2) as limited by their brief, from so much of an order of the same court, entered January 5, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered October 13, 1993, is dismissed, as that order was superseded by the order entered January 5, 1994, made upon reargument; and it is further,

Ordered that the order entered January 5, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

In their notice of claim the plaintiffs alleged that Vivian De Los Santos was injured when she slipped on debris and liquid in the lobby of one of the defendant's buildings. At a

hearing held five months after the accident pursuant to General Municipal Law § 50-h, the defendant learned for the first time that the accident allegedly occurred near a rear exit door of the building. The Supreme Court denied the plaintiffs' motion pursuant to General Municipal Law § 50-e (6) for leave to amend their notice of claim and granted the defendant's cross motion to dismiss the complaint.

The denial of the plaintiffs' motion was not an improvident exercise of discretion. Because the notice of claim failed to specify the precise location of the accident, the defendant was prejudiced in its ability to timely and effectively investigate the circumstances surrounding the accident, particularly in view of the transitory nature of the alleged defect (see, Simms v City of New York, 207 AD2d 480; Ortiz v New York City Hous. Auth., 201 AD2d 547). Since the original notice of claim was deficient, the complaint was properly dismissed (see, Ortiz v New York City Hous. Auth., supra). Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.