■ ANNETTE ARCHON, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [657 NYS2d 429] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bernstein, J.), dated April 15, 1996, which, upon granting the respondent's motion to dismiss the action, inter alia, dismissed the action.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to General Municipal Law § 50-e (6), the court in its discretion may permit a party to amend its notice of claim to correct a mistake, provided that the other party is not prejudiced thereby (see, De Los Santos v New York City Hous. Auth., 214 AD2d 532; Simms v City of New York, 207 AD2d 480; Castro v City of New York, 139 AD2d 687).

The plaintiff's notice of claim, complaint, and bill of particulars all identified the wrong location as the alleged accident site. Almost six years after the accident occurred, and immediately prior to the commencement of trial, the plaintiff moved for leave to amend her notice of claim to correct the error. The court denied the motion, and after trial, granted the City's motion to dismiss. We affirm.

The plaintiff's failure to properly identify the location of the

alleged defect and her delay in correcting that error prejudiced the respondent by depriving it of the opportunity to timely and effectively investigate the circumstances of the accident *(see, Eherts v County of Orange,* 215 AD2d 524; *Mercado v City of New York,* 208 AD2d 910; *Simms v City of New York, supra; Ortiz v New York City Hous. Auth.,* 201 AD2d 547; *Lupo v City of New York,* 160 AD2d 773). Rosenblatt, J. P., Miller, Thompson and Friedmann, JJ., concur.