■ KLEVER TORRES, Respondent, v CITY OF NEW YORK, Appellant. [687 NYS2d 705] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 7, 1997, which granted the plaintiff's motion to amend the notice of claim and complaint to change the date he allegedly sustained injuries, and denied its cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

The plaintiff served on the defendant a notice of claim sworn to on September 22, 1992, alleging that he tripped and fell on a sidewalk defect on June 22, 1992, i.e., 92 days earlier. The defendant thereafter notified the plaintiff that the claim was disallowed because it had not been filed within 90 days of the alleged incident. The plaintiff took no action with respect to the facially-untimely notice of claim, but instead filed with the defendant a summons with notice dated September 21, 1993.

He subsequently served on the defendant a complaint and amended verified complaint, both of which again listed the accident date as June 22, 1992. In its answer the defendant asserted as an affirmative defense that the action had not been timely commenced.

By notice dated May 9, 1997, more than 4½ years after filing of the notice of claim and more than 3½ years after service of the summons with notice, the plaintiff moved pursuant to General Municipal Law § 50-e (6) for leave to file an amended notice of claim "to correct the date of the accident listed in the original notice of claim from June 22, 1992 to June 24, 1992". The plaintiff also sought leave to further amend the amended complaint in the same manner. The supporting affirmation of the plaintiff's attorney failed to explain either how the error in the notice of claim and complaint occurred, or why the plaintiff delayed so long in seeking leave to correct it. Rather, the attorney's affirmation merely stated that "[a]s we were not the attorneys of record who filed the notice of claim or commenced the action, we can not determine how the initial mistake occurred". The defendant opposed the motion and cross-moved to dismiss the action, *inter alia*, for failure to timely file a notice of claim and for failure to timely commence the action. The Supreme Court granted the motion to amend, finding that the defendant would not be prejudiced thereby. The court further denied the cross motion to dismiss, determining that once the notice of claim and complaint were amended, the filing of those papers was rendered timely. We reverse.

General Municipal Law § 50-e (6), which governs applications to correct defects in notices of claim, provides in relevant part that a mistake, omission, irregularity, or defect made in good faith in the notice of claim may be corrected at any time, in the court's discretion, provided that the other party is not prejudiced thereby (*see, Carr v City of New York,* 176 AD2d 779). Given the circumstances of this case, including the plaintiff's failure to take any action when advised by the defendant that the notice of claim was untimely, his repetition of the purportedly erroneous date in subsequent pleadings, his total failure to explain how the mistake occurred, his delay in seeking to correct it, and the clear prejudice which the amendment would cause to the defendant, we conclude that the Supreme Court erred in granting the plaintiff's motion. Unlike the situation in which an injured party timely files an amended notice of claim within 90 days after the corrected accident date (*see, e.g., Burke v Incorporated Vil. of Hempstead,* 156 AD2d 630), the plaintiff herein inordinately delayed in seeking to

amend a facially untimely notice of claim more than 4½ years after it was filed. Moreover, the defendant had no reason to actively investigate the claim in 1992 because it was facially untimely. To permit the amendment and thereby revive the claim at this late stage would force the defendant to now conduct a belated investigation, hampered by the changed condition of the alleged sidewalk defect and the limitations on the availability and powers of recollection of potential witnesses. Since the granting of the amendment would clearly frustrate the salutary purpose of the notice of claim requirement—to provide the municipal entity with the opportunity to conduct a prompt investigation of the claim—the motion to amend should have been denied (*see, e.g., Archon v City of New York,* 239 AD2d 371; *Davis v New York City Tr. Auth.,* 234 AD2d 153; *Pollicino v New York City Tr. Auth.,* 225 AD2d 750; *Mercado v City of New York,* 208 AD2d 910).

Finally, the defendant is entitled to summary judgment dismissing the complaint, since the plaintiff did not timely file a notice of claim and therefore failed to satisfy a condition precedent to suit (*see,* General Municipal Law § 50-e [1] [a]). Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.