OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Appeal from order entered July 18, 2006 dismissed.
At the outset, we note that the appeal from the order entered July 18, 2006 is dismissed because the right of direct appeal therefrom terminated with the entry of judgment (see Matter of Aho, 39 NY2d 241 [1976]). However, the issues raised thereon are brought up for review and have been considered on the appeal from the judgment.
Plaintiff was allegedly injured when she tripped and fell while descending a stairway in a subway station. In her notice of claim dated May 22, 2002, she alleged that
“on May 20, 2002 at or about 1:15 PM, claimant was attempting to descend an interior stairway at the Astoria Boulevard subway Station, through which the ‘N’ and ‘W’ trains run. The stairway led from a track level to a level of the station on which a token booth is located. The stairway nosing cover created a tripping hazard and the stairway lacked adequate handrails and non-slip treads. The stairway was defective and departed from the NYC Building code in additional ways. While descending, Claimant tripped, and fell as a result of the foregoing defects.”
The action was commenced on or about February 25, 2003. Subsequently, in January of 2006, defendant moved to dismiss the complaint and/or for summary judgment on the ground that the notice of claim was defective in that plaintiff failed to adequately state the place where the claim arose, and, in any *106 event, because plaintiff failed to establish a prima facie case of negligence. The court below found that the notice of claim was defective, since it did not identify the situs of the accident with sufficient particularity to enable defendant to locate the alleged defect, conduct a meaningful investigation, and assess the merits of plaintiff’s claim. Although the court found that plaintiff had acted in good faith and that defendant had not been prejudiced, inasmuch as plaintiff had not moved to amend the notice of claim, defendant’s motion was granted. The court also found that defendant was entitled to summary judgment dismissing the complaint in that it had submitted evidence in admissible form demonstrating that defendant had neither affirmatively created the defective condition nor had actual or constructive notice of said condition.
A notice of claim must state “the time when, the place where and the manner in which the claim arose” (General Municipal Law § 50-e [2]; see Brown v City of New York, 95 NY2d 389 [2000]). The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation and to assess the merits of the claim (see O’Brien v City of Syracuse, 54 NY2d 353, 358 [1981]; Cyprien v New York City Tr. Auth., 243 AD2d 673, 674 [1997]; Hoffman v New York City Hous. Auth., 187 AD2d 334 [1992]; Levine v City of New York, 111 AD2d 785, 786 [1985]). Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case (see Ingle v New York City Tr. Auth., 7 AD3d 574 [2004]; Cyprien v New York City Tr. Auth., 243 AD2d at 674; Levine v City of New York, 111 AD2d at 786).
In our opinion, in the instant case, defendant satisfied its burden of establishing that plaintiffs notice of claim was inadequate in that it failed to describe the location of the incident with sufficient particularity to enable defendant to conduct a meaningful investigation. While there is nothing in the record to suggest that plaintiffs failure to particularize was done in bad faith, we find that the court below properly granted defendant’s motion for summary judgment in the absence of plaintiffs timely motion seeking to amend the notice of claim. Indeed, to grant leave to amend the notice of claim at this late juncture “would clearly frustrate the salutary purpose of the notice of claim requirement — to provide the municipal entity with the opportunity to conduct a prompt investigation of the claim” (Torres v City of New York, 260 AD2d 368, 370 [1999]; see also Archon v City of New York, 239 AD2d 371 [1997]).