■ BETTYE MILES, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on February 16, 1990, which granted defendants' motions to dismiss the complaint for failure to serve adequate notices of claim, unanimously reversed on the law, the facts and in the exercise of discretion, the motions denied and the complaint reinstated, without costs.

The within action for personal injuries arose when plaintiff fell as she was exiting a bus operated by defendant Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA") on the afternoon of November 16, 1982. According to plaintiff's allegations, she was caused to fall by a hole at the edge of the sidewalk which was partially covered by a steel grate.

This appeal is solely concerned with the adequacy of the notices of claim filed by plaintiff with both defendants as required by General Municipal Law § 50-e. In particular, both defendants claim that plaintiff failed to properly specify the exact location of the accident and defendant MABSTOA also claims that the notice was defective in that it incorrectly stated the time of day at which the accident occurred.

The requirements of General Municipal Law § 50-e (2) that a notice of claim set forth "the place where * * * the claim arose" are met when the notice describes the location with "sufficient particularity" to enable the defendant to locate the alleged defect and to conduct a meaningful investigation so as to assess the merits of the claim. *(Caselli v City of New York,* 105 AD2d 251, 253.)

Here, plaintiff's notice to the City stated only that the claim arose "on Madison Avenue eastbound, north of 100th Street, New York, New York * * * [at the] sidewalk and curb". Her notice to MABSTOA, stated that the claim arose on "Madison Avenue near 101st Street, New York, New York * * * at a bus stop containing a broken curb".

While these notices can hardly be said to be models of specificity, the full details regarding the location of the accident were brought out at statutory hearings. At the MABSTOA hearing, held on June 10, 1983, plaintiff testified that she was injured as she exited the northbound bus at the bus stop between 100 and 101st Street. Certainly, MABSTOA may be held responsible for being able to locate its own bus stop, when properly provided with both cross streets. Since, in her notice, plaintiff stated that the defect complained of was a broken curb, at this point MABSTOA clearly had enough information to investigate. At the City's hearing, held on December 7, 1983, plaintiff testified that the accident occurred at the curb, where a sidewalk should have been, at the bus stop for the No. 2 uptown bus on Madison Avenue between 100 and 101st Street, nearer 100th, at the side of an apartment, or housing project, building. Thus, at this point the City clearly had sufficient information to pinpoint the exact locus of the accident. It is clear that, where a lack of specificity is, as here, inadvertent and not calculated to mislead or confuse, the court, may, in its discretion, deem the notice sufficient if it is later clarified in such a manner so as to avoid prejudice to the public corporation. (General Municipal Law § 50-e [6]; *Mayer v DuPont Assocs.,* 80 AD2d 799.)

Moreover, neither defendant has convincingly demonstrated that it suffered prejudice as a result of its receiving these particulars at the time of the hearings rather than in the notices. Indeed, the fact that defendants waited over six years to move to dismiss on this ground, during which time they apparently made no attempt to investigate based on the information obtained at the hearings, but instead continued to contend that they did not have sufficient information to locate the accident site, substantially undermines any possible claim

that they were prejudiced by not having received the information sooner. Furthermore, neither defendant has indicated that it made any attempt at an investigation prior to the hearings that was stymied by a lack of specifics. The only apparent attempt by the City to investigate was a record search requested from the Department of Transportation, in response to a discovery request from plaintiff, as a result of which the Department responded that the information of location was too inexact for it to conduct a search. However, it is clear that this search was, in fact, conducted after the City had been adequately apprised of the location of the accident. While the information available to the Department may have been inadequate for it to access its own records, it would clearly be unfair to use this as a standard by which to judge whether plaintiff has satisfied the specificity requirements for a notice of claim. Thus, without any proof of prejudice, the defendants cannot claim that their failure to learn the exact location before the hearings should mandate dismissal of plaintiff's claim.

On this appeal defendant MABSTOA also claims, for the first time, that the notice of claim was inadequate in that it stated the time of the accident was 3:00 P.M., while plaintiff testified at the hearing that the accident occurred at 1:00 P.M. This claim is not properly raised for the first time on appeal *(see, Tatum v City of New York,* 161 AD2d 580) and we therefore decline to review it. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.