■ MILAGROS BAEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order of the Supreme Court, Bronx County (Anita Florio, J.), dated November 15, 1990, which denied defendant's motion seeking dismissal of the action on

the ground that the notice of claim was insufficient, unanimously affirmed, without costs.

On September 29, 1986, plaintiff tripped on a headboard placed, along with other refuse, on the sidewalk in front of premises under the operation and control of defendant. Plaintiff filed a timely notice of claim on October 29, 1986 pursuant to section 50-e of the General Municipal Law, and a statutory hearing pursuant to section 50-h thereof was conducted on March 26, 1987, at which plaintiff was examined regarding the details of the accident.

In its motion to dismiss the action, made on the eve of trial, defendant advances for the first time the contention that the notice of claim was insufficient to inform defendant of the time, place and manner of plaintiff's accident. The briefs on appeal note that the case was subsequently tried before a jury, which returned a verdict for plaintiff in the amount of $73,000 and determined plaintiff's culpability to be 65 percent.

Plaintiff's notice of claim recites that she did "trip and fall and be precipitated down to and upon the ground by reason of the cracks, holes, pits and depressions, dirt and debris which were allowed to accumulate thereon, thereby causing the claimant to sustain severe and serious personal permanent injuries." We agree with defendant that this archaic form pleading is insufficient to give adequate notice of either the defect alleged or the manner in which it caused injury to plaintiff. The Appellate Division, Second Department recently cautioned against the use of overinclusive "boilerplate" in the preparation of a statutory notice (Shea v Incorporated Vil. of Head of Harbor, 180 AD2d 675).

The inadequacy of the notice notwithstanding, defendant has not alleged that any investigation was undertaken which might have been impeded by the failure to specify the location of the defect and manner in which the injury was sustained (Miles v City of New York, 173 AD2d 298, 300). Given the nature of the defect—garbage which was awaiting collection on the date of the accident—and the statutory provision requiring only that notice be given within 90 days after the claim arises, even a highly specific notice would not be expected to afford defendant the opportunity to inspect the defective condition (which was presumably removed shortly after plaintiff fell over it). Finally, defendant does not argue that the hearing, conducted pursuant to General Municipal Law § 50-h, within five months of the incident, failed to elicit sufficient information to allow it to investigate the accident (Calia v Board of Educ., 154 AD2d 640) or "that it made any

attempt at an investigation prior to the hearings that was stymied by a lack of specifics" *(Miles v City of New York, supra,* at 300). Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ.