■ JUDITH RUBAIN, Respondent, v CITY OF NEW YORK,

Appellant.—Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered November 19, 1990 upon a jury verdict in favor of plaintiff and against defendant in the amount of $150,000, unanimously affirmed, without costs.

We find that defendant had sufficient information to pinpoint the exact location of the accident, any lack of specificity in plaintiff's notice of claim having been sufficiently clarified at the [General Municipal Law §] 50-h hearing in such a manner as to avoid prejudice to its investigation *(Miles v City of New York,* 173 AD2d 298). Nor has defendant demonstrated prejudice as a result of being unable to implead a potentially liable third party, the Metropolitan Transportation Authority, with which it has an agreement to maintain the sidewalk underneath the elevated station near where the accident occurred, since an indemnification claim does not accrue until payment is made by the party seeking such relief *(see, Bay Ridge Air Rights v State of New York,* 44 NY2d 49). We also find that the issue of whether defendant had prior written notice of the sidewalk defect as required by the "Pothole Law" (Administrative Code of City of New York § 7-201 [c] [2]) was properly submitted to the jury upon proof that the same defect was the subject of an earlier 50-h hearing that involved another claimant represented by the same counsel as plaintiff, the transcript of which was introduced into evidence. Concur —Milonas, J. P., Rosenberger, Ellerin and Asch, JJ.