■ GLORIA HOFFMAN, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.—Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 3, 1991, which granted the motion of defendant New York City Housing Authority and the cross motion of defendant City of New York to dismiss the complaint on the ground that plaintiff had failed to file an adequate notice of claim and, with respect to the cross motion of defendant City of New York, on the additional ground that plaintiff had failed to comply with General Municipal Law § 50-h, unanimously reversed, on the law, the motions denied and the complaint reinstated, without costs.

On January 7, 1985, plaintiff fell and broke her ankle while waiting for a bus in front of a building owned by defendant New York City Housing Authority ("Housing"). On February 7, 1985, she filed a notice of claim alleging that defendants

had negligently maintained "the premises 3603 Third Avenue, Bronx, New York, at the intersection of Third Avenue & East 169th Street" and that "a partially iced over bumpy area of the sidewalk in front of said premises" had caused her to fall. The notice was later amended to correct the date on which the incident was alleged to have occurred and to add that "[s]aid condition existed for a long period of time."

According to the City, upon receiving the original notice of claim, it served a demand on plaintiff's attorney, by regular mail, for plaintiff to appear at a hearing pursuant to General Municipal Law § 50-h. According to the City, its records indicate that plaintiff sought and obtained an adjournment of the hearing until January 7, 1986, and then failed to appear for the scheduled hearing. According to plaintiff's attorney, no demand for a hearing was ever received from the City.

Defendant Housing Authority waived its right to a section 50-h hearing as a condition precedent to plaintiff's right to bring her action, and, on January 27, 1986, plaintiff commenced her action by filing a summons and complaint, which attributed her accident to the defective condition of "the sidewalk in front of the entrance to 3603 Third Avenue," which, she alleged, was "covered by [a] layer of partially shovelled and or negligently shovelled snow and ice." On February 20, 1986, plaintiff appeared at Housing's section 50-h hearing and testified, through a Spanish interpreter, that she had fallen on ice which was in a hole in the dirt surrounding a tree on the sidewalk. She stated that "the ice was almost melting so it was kind of broken up and that's when I was standing in it and I stepped around and that's when I fell in it." In October, 1986, she filed a verified bill of particulars which again attributed the accident to a "bumpy, partially iced over area" in front of 3603 Third Avenue. An examination before trial (EBT) was held on April 7, 1988, at which both defendants were represented, at which plaintiff stated that she had been injured when she slipped on some snow and small stones into a square hole which was approximately one half yard on each side. In response to repeated questions from defendants' counsel regarding the hole, she described the hole as being at the corner of 169th Street and Third Avenue, approximately one yard from the corner in the direction of the bus stop and approximately one and one half to two feet from the curb.

On July 31, 1990, over four years after it had conducted its section 50-h hearing and two years after plaintiff's EBT, Housing moved for summary judgment or dismissal of the

complaint on the ground that the notice of claim failed to sufficiently set forth the location of the accident and therefore "clearly prejudiced" defendant in that it had been unable to conduct a thorough investigation of the claim. The City moved for similar relief on the same ground and also moved that dismissal was warranted as to it because plaintiff had failed to appear at the scheduled section 50-h hearing four years earlier. In opposition, plaintiff argued that defendants had not been prejudiced by any defects in the notice of claim and proposed an amended notice of claim which again attributed plaintiff's accident to "a partially iced over, bumpy area of the sidewalk" located "in front of the entrance to the building known as 3603 Third Avenue, Bronx, New York and, more specifically, between said entrance, which abuts the public sidewalk, and the curb directly in front of said entranceway door."

The court granted the motion to dismiss as to both defendants. The court noted that the photographic evidence submitted had established that the premises located at 3603 Third Avenue was a large building and found that plaintiff's original description in her notice of claim of the location of the accident as having been in front of that building was inadequate to notify defendants of its location and that plaintiff's description of the location of the accident at her EBT did not coordinate with her description of the accident in her proposed amended notice of claim. Finally, the court found that plaintiff's testimony had made clear that she was claiming that her accident was caused by a pothole, rather than simply by ice, and that, as a result, defendants had been prejudiced by her failure to promptly notify them of the fact that the pothole had caused her injury and its exact location.

A notice of claim must set forth the location and the cause of an accident with sufficient particularity to enable the defendant to locate the alleged defect and conduct an investigation (General Municipal Law § 50-e; *O'Brien v City of Syracuse,* 54 NY2d 353, 358). In this case, we agree that plaintiff's notice of claim was deficient as originally drawn, as it did not adequately specify the location of the accident. In addition, its description of the cause of the fall as a "partially iced over bumpy area" was ambiguous, as it did not make clear whether the bumpiness was due to the ice or a sidewalk defect.

Nevertheless, it is well established that an insufficient notice of claim may be corrected absent bad faith on the part of plaintiff or prejudice to the defendants *(Miles v City of New York,* 173 AD2d 298; *Caselli v City of New York,* 105 AD2d

251). As there is no allegation of bad faith on the part of plaintiff, the issue in this case is whether the defendants have adequately demonstrated that they were prejudiced by not having received the requisite notice earlier. Prejudice will not be presumed *(see, Evers v City of New York,* 90 AD2d 786, 787), as the notice required by the General Municipal Law is meant to "protect the public corporation against spurious claims" and facilitate prompt investigation, not to avoid liability *(Rivera v City of New York,* 169 AD2d 387, 389). In particular, we note that a delay upon a defendant's part until the eve of trial in claiming prejudice on such grounds, particularly when that defendant has never made any effort to obtain the allegedly requisite information, is not conducive to a finding of prejudice *(supra; see also, Miles v City of New York, supra).* Moreover, where the condition which allegedly caused the accident is extremely transitory, such as snow and ice, the defendants may be hard pressed to demonstrate that they have been prevented from carrying out a physical inspection by not having been timely informed of the accident's precise location, as the condition would undoubtedly have changed or disappeared by the time a notice of claim was filed and an inspection conducted *(Rosenblatt v City of New York,* 160 AD2d 927, 928; *Cruz v City of New York,* 95 AD2d 790, 791).

In the case at bar, defendants argue on appeal that they were prejudiced because, by the time they had any information that a pothole claim was involved, too much time had passed to permit an adequate investigation of the accident site. It is true that pothole claims should be pleaded with particular specificity in order to allow a meaningful investigation *(Schwartz v City of New York,* 250 NY 332). However, contrary to the motion court and the defendants' present contentions, the nature of plaintiff's claim is not that she was caused to trip by a pothole, and a dismissal of her claim based on the erroneous premise adopted by the motion court cannot stand.

While plaintiff's original notice of claim may have been ambiguous as to whether the bumpiness she alleged to have existed on the sidewalk was due to ice or a more permanent condition, any doubt was dispelled by her complaint, which clearly and unequivocally attributes the accident to negligently shovelled ice and snow. At the section 50-h hearing held by the defendant Housing Authority, plaintiff stated that the ice she had slipped on was in a hole in the dirt near a tree and that she fell or landed in the hole after she slipped on the ice. She at no time described the hole as a pothole, which,

indeed, is normally understood to be located in pavement rather than in dirt around a tree. Similarly, at her examination before trial, she never stated that her fall was caused by a hole but only that, after she slipped on the snow and pebbles, she fell into the hole which happened to be there. She was not asked whether the hole was in the dirt or the pavement, though she described it as a half yard square. Plaintiff can hardly be faulted for having referred to the existence of the hole in her testimony, as it was defendants' attorneys who persistently asked her questions concerning the location of the hole, rather than concerning the snow or ice which she clearly and consistently claimed was the cause of her accident. Moreover, examination of her testimony makes clear that the square hole she was referring to was an opening deliberately left in the sidewalk for a tree, rather than a pothole, and that the gravamen of her claim was that defendants were negligent in allowing ice and snow to accumulate, not in allowing the hole to exist. Accordingly, it cannot be found that defendants were prejudiced by plaintiff's original failure to more specifically pinpoint the location of her fall, since the transitory condition which is the basis of her claim would, in any event, no longer have existed by the time any investigation could have taken place.

We also find that the City waived its right to defend the action on the ground that plaintiff allegedly failed to appear at a section 50-h hearing. The City failed to raise this as an affirmative defense and asserted only general denials to plaintiff's claim that there had been no demand for a hearing. It should not be permitted to assert this as a defense for the first time on a motion to dismiss brought four years after commencement of the action and well after the statute of limitations has run on any new action that could be commenced by plaintiff (cf., Best v City of New York, 97 AD2d 389, affd 61 NY2d 847). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.