■ EDITH HOROWITZ et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 3, 1992, which, insofar as appealed from, denied defendant's cross-motion for an order dismissing the complaint for failure to serve a sufficiently specific notice of claim, or, in the alternative, for summary judgment, unanimously affirmed, without costs.

The IAS Court properly held that the lack of specificity in plaintiffs' notice of claim alleging defendant's negligence in maintaining an elevator was cured at the General Municipal Law § 50-h hearing (see, Miles v City of New York, 173 AD2d 298). We also agree that plaintiffs' omission to plead the doctrine of res ipsa loquitur in their notice of claim does not bar them from invoking that doctrine at trial (see, Weeden v Armor El. Co., 97 AD2d 197), and that defendant, therefore, is not entitled to notice of the specific acts of negligence that caused the elevator to mislevel. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.