■ STEVEN FORD, Respondent, v NEW YORK CITY HOUSING

AUTHORITY, Appellant and Third-Party Plaintiff. WILKINS & SONS CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [595 NYS2d 413] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered May 20, 1992, which, insofar as appealed from, denied defendant's motion to dismiss the complaint for failure to serve a sufficiently specific notice of claim, unanimously affirmed, without costs.

While plaintiff's notice and amended notice of claim did not reveal that he fell when he stepped on a board that was covering the third step in the first floor stairwell and that the stairwell was poorly lit at the time, such information was supplied at the statutory hearing held five months after the accident. In addition, the police who were called to the scene reported that plaintiff fell over steps being repaired while employed by third-party defendant Wilkins & Sons Corp. A notice of claim will be deemed sufficient where, as here, the defendant is given accurate information as to the date, time and place of the incident, and an unintentional absence of specificity as to the exact manner in which the incident occurred is cured in timely fashion *(see, Horowitz v New York City Hous. Auth.,* 188 AD2d 392). We also note that this motion was made eight years after the hearing was held. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.