■ HILDA CANCEL, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [606 NYS2d 188] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about July 6, 1992, which, *inter alia,* granted plaintiff's motion to amend her notice of claim, unanimously affirmed, without costs.

In this action for personal injuries arising from an incident in which plaintiff was trapped in an elevator in defendant's building, plaintiff timely served a notice of claim on defendant New York City Housing Authority ("NYCHA"), indicating an incorrect address. The building had two different street addresses and plaintiff apparently combined the number of one address with the street name of the other. At the hearing pursuant to General Municipal Law § 50-h, nearly 10 months after the accident and nearly 7 months after the notice was served, plaintiff's counsel brought the error to the attention of NYCHA, which refused to stipulate to the correction.

An insufficient notice of claim may be corrected absent bad faith on the part of the plaintiff or prejudice to the defendants *(Hoffman v New York City Hous. Auth.,* 187 AD2d 334, 336-337). It is not disputed that plaintiff's mistake was inadvertent and not calculated to mislead or confuse defendant *(Lord v New York City Hous. Auth.,* 184 AD2d 406, 408). Defendant has not demonstrated that it was prejudiced by plaintiff's mistake; its police officer was at the scene of the incident and made a written report, detailing the circumstances of the incident, and thus defendant had knowledge sufficient to allow it to investigate *(see, Matter of Harrison v New York City Hous. Auth.,* 188 AD2d 367). Concur—Sullivan, J. P., Carro, Rosenberger and Wallach, JJ.