■ DEBBIE SEISE, Appellant, v CITY OF NEW YORK et al., Respondents. [622 NYS2d 941] —Order, Supreme Court, New York County (Eugene Nardelli, J.), entered June 25, 1992, which, *inter alia,* denied plaintiff's motion for leave to file, nunc pro tunc, an amended notice of claim and granted defendant City of New York's cross-motion to dismiss the complaint and all cross-claims against it, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, the motion granted and the cross-motion denied.

Plaintiff's notice of claim erroneously described the accident scene of a September 4, 1989 two car collision, in one of which automobiles she was a passenger, as 125th Street and 3rd Avenue, New York, New York, when in fact the accident occurred at 124th Street and 3rd Avenue. In all other respects the notice of claim was accurate.

As against the City the claim of negligence was based on the failure to provide a properly functioning traffic-control system at the intersection. According to the responding police officer's report, the traffic light for traffic heading eastbound on East 124th Street did not change from green to red; it beamed only a green signal. A notation on the report required that a copy be forwarded to the Traffic Light Division. In response to the City's inquiries, the Department of Traffic, on January 10, 1990 and again on January 29, 1990, reported that it had no record of any defect at the 125th Street and 3rd Avenue intersection during the relevant period. The City also sent a claims examiner to 125th Street and 3rd Avenue to do an on-site inspection.

The mistake in the notice of claim went undetected until January 25, 1990, 53 days after the expiration of the statutory notice-of-claim period, when plaintiff testified to the correct state of facts at the Comptroller's hearing (General Municipal Law § 50-h). The Hearing Examiner noted the typographical error in the notice of claim and stated that it "should read that the accident occurred at the intersection of East 124 Street and Third Avenue and not East 125 Street." Without seeking judicial leave, plaintiff, on or about January 30, 1990, served an amended notice providing the correct location of the accident. In late March 1990, plaintiff served the City with a summons and verified complaint, accurately describing the location of the accident as 124th Street and 3rd Avenue and

pleading due compliance with the notice of claim requirements. The City's answer admitted receipt of a timely notice of claim. No defense relating to the inadequacy of the notice was raised. When the City refused for more than one year to comply with plaintiff's discovery request for maintenance records relating to the defective stoplight, plaintiff moved to strike the City's answer. The City cross-moved to dismiss for failure to state a cause of action because the notice of claim misdescribed the site of the accident by one block and because plaintiff served an amended notice of claim without seeking leave. Plaintiff then filed a supplemental motion to amend the notice of claim to reflect the correct accident site. The IAS Court, insofar as is relevant to this appeal, granted the City's cross-motion and denied the motion to amend, finding that where a municipality is misled by an erroneous notice of claim into conducting an investigation at the wrong location serious prejudice issues. We reverse.

General Municipal Law § 50-e (6) vests Judges with the discretion to correct "a mistake, omission, irregularity or defect made in good faith" in a notice of claim "provided it shall appear that the other party was not prejudiced thereby." *(See, Venezian v City of New York,* 172 AD2d 251.) There is no allegation of bad faith on the part of plaintiff and thus the only question is whether the City can show prejudice by the amendment. "Prejudice will not be presumed [citation omitted] as the notice required by the General Municipal Law is meant to 'protect the public corporation against spurious claims' and facilitate prompt investigation, not to avoid liability." *(Hoffman v New York City Hous. Auth.,* 187 AD2d 334, 337, quoting *Rivera v City of New York,* 169 AD2d 387, 389.) Based on this record, the City has failed to show prejudice. While plaintiff, without justification, delayed moving for leave to file an amended notice, as statutorily required, until almost two and one-half years after service of the original notice of claim, the City, notwithstanding, acquired actual notice of the correct accident site at the Comptroller's hearing on January 25, 1990, only 53 days after the expiration of the statutory 90-day notice-of-claim period. Thus, the City had the correct information before the Department of Traffic had even finished its investigation. Moreover, the records, if any, relating to the correct location have been in the City's possession throughout this litigation. Thus, the City could not have been prejudiced by a misdirected investigation if it has, from the beginning, been in possession of Department of Traffic records showing definitively whether the stoplight at 124th Street and

3rd Avenue was malfunctioning on September 4, 1989. There is no claim that it does not have such records. Since prejudice arises only if the defective notice of claim impedes the City's investigation and, in the instant case, an investigation either was not possible at all because of the transitory nature of the defective stoplight, or was possible all the while because of the existence of Department of Traffic records pertaining to the 124th Street and 3rd Avenue location, the City cannot show prejudice. In either event, the error in the notice of claim could not have prevented the City from conducting the investigation to which it is entitled. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.