[654 NYS2d 775]

RUBY WILLIAMS et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant.

First Department, March 25, 1997

## APPEARANCES OF COUNSEL

*Arnold E. DiJoseph, III,* of counsel *(Parker & Waichman,* and *DiJoseph, Portegello & Schuster, P. C.,* attorneys), for appellants.

*Jane S. Earle* of counsel *(Pamela Seider Dolgow* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for respondent.

## OPINION OF THE COURT

MILONAS, J. P.

Plaintiff alleges she was injured in February 1994, when she fell on the sidewalk due to snow and ice that the City had negligently allowed to accumulate. According to the notice of claim, timely served in May 1994, the accident occurred on "the sidewalk located on East Tremont Avenue, on the sidewalk in front of 1010 Murphy Housing project, Bronx, New York, more particularly near the north-west exit of subway station at East Tremont Avenue, on the sidewalk in front of 1010 Murphy Housing project, Bronx, New York." The complaint gave the same description.

The Murphy Housing Project occupies a triangular piece of property bounded by East Tremont Avenue, East 178th Street, and Boston Road. There is no "1010 Murphy Housing project." Plaintiff moved to correct the inadvertent "typographical" or "clerical" error in the description of the accident site by seeking to file an amended notice dated February 2, 1995. The amended notice described the accident as occurring "upon the sidewalk located at the north-west exit of subway station at East Tremont Avenue, more specifically, on the sidewalk located at Boston Road adjacent to premises known as 1010 East 178th Street, a/k/a Murphy Housing project, Bronx, New York."

The City cross-moved to dismiss the complaint, claiming it was prejudiced by the misidentification of the site: because the notice set forth a "nonexistent location," the City could not

"ascertain the true location" and conduct a "meaningful investigation." Indeed, the City claimed that such misidentification has been held by this Court to constitute prejudice as a matter of law. The IAS Court denied the motion for leave to amend and granted defendant's cross motion to dismiss the complaint, finding that the City was precluded from conducting an investigation because the notice and complaint "were patently insufficient to establish the place where the claim arose." We reverse and reinstate the complaint.

Where a timely notice of claim has been filed pursuant to General Municipal Law § 50-e (1), subdivision (6) provides that "[a]t any time" thereafter, and "at any stage" of the action or proceeding, it is within the discretion of the court to permit the correction of a "mistake, omission, irregularity or defect" made in good faith in the notice, "provided it shall appear that the other party was not prejudiced thereby." In the instant case, where the error was made in good faith, the sole issue is whether the IAS Court properly concluded that defendant had been prejudiced by the error. We find on this record that the City failed to establish such prejudice.

Under General Municipal Law § 50-e, claims against a municipality are required to be filed within 90 days of the incident giving rise to the claim in order to provide the municipality with the opportunity to investigate the alleged defective condition in a timely fashion and assess the merits of the claim, not to avoid liability (*Hoffman v New York City Hous. Auth.*, 187 AD2d 334; *Caselli v City of New York*, 105 AD2d 251). However, we have often recognized that where the alleged negligence is based on a transitory condition, such as snow and ice, garbage or debris, the condition will undoubtedly have changed or disappeared by the time a notice of claim is filed even within the statutory period (*Reyes v New York City Hous. Auth.*, 221 AD2d 240; *Matter of Strauss v New York City Tr. Auth.*, 195 AD2d 322; *Hoffman v New York City Hous. Auth.*, *supra*; *Baez v New York City Hous. Auth.*, 182 AD2d 554). Thus, the transitory nature of the alleged cause of an accident may render it "impossible" for a defendant to conduct an investigation, regardless of when the municipality receives adequate notice (*Reyes v New York City Hous. Auth.*, *supra*; *Seise v City of New York*, 212 AD2d 467, 469). Here, even if plaintiff's timely notice in May 1994 had more accurately described where she fell, defendant could hardly have carried out a more "meaningful investigation" at that point than it could have at the time of the amended claim (*Matter of Strauss*

*v New York City Tr. Auth.*, *supra*; *Hoffman v New York City Hous. Auth.*, *supra*; *but see, Aviles v City of New York*, 202 AD2d 530, *lv denied* 84 NY2d 813).

Moreover, we will not presume prejudice merely because an inadvertent error was made in the notice of claim with respect to location; prejudice must be established (*Ortiz v New York City Hous. Auth.*, 214 AD2d 491, 492; *Seise v City of New York*, *supra*, 212 AD2d, at 468; *Hoffman v New York City Hous. Auth.*, *supra*, 187 AD2d, at 337; *Rivera v City of New York*, 169 AD2d 387, 389). On numerous occasions, we have found that a municipal entity has failed to demonstrate prejudice as a result of such error (*see, e.g., Reyes v New York City Hous. Auth.*, *supra*; *Ortiz v New York City Hous. Auth.*, *supra*; *Lord v New York City Hous. Auth.*, 184 AD2d 406; *Miles v City of New York*, 173 AD2d 298; *Rivera v City of New York*, *supra*). Prejudice has been established, however, where a municipal defendant has been able to show that it actually conducted a timely investigation at the wrong site due to the erroneous description (*see, Konsker v City of New York*, 172 AD2d 361, *lv denied* 78 NY2d 858; *see also, Matter of Adlowitz v City of New York*, 205 AD2d 369; *Krug v City of New York*, 147 AD2d 449). We note that none of the latter cases involved a transitory condition.

Here, although the City asserted that it was prevented from conducting an investigation because of the error, it did not actually claim it ever attempted to conduct one (*Baez v New York City Hous. Auth.*, *supra*; *Miles v City of New York*, *supra*). In fact, had it made such attempt, it should have been able to discern the location, given the entirety of the description provided. Notwithstanding the inclusion of a misdescription of the site of an accident, we have found a notice of claim to be sufficient where defendant, " 'with a modicum of effort,' " could have discovered the true location, even where the misinformation relates to the wrong building number (*Reyes v New York City Hous. Auth.*, *supra*) or the wrong county (*Lord v New York City Hous. Auth.*, *supra*, 184 AD2d, at 407; *Rodriguez v City of New York*, 179 AD2d 560, 561; *Rivera v City of New York*, *supra*). The notice of claim in the instant case referred to East Tremont Avenue instead of Boston Road, and 1010 Murphy Housing Project instead of the Murphy Housing Project at 1010 East 178th Street. However, the notice also states that plaintiff fell "more particularly" near the "north-west exit of subway station at East Tremont Avenue," and the subway station exit as a reference point was unchanged in the amended notice. This additional piece of information helps to pinpoint

the site of the accident, notwithstanding the erroneous information (*see, e.g., Ortiz v New York City Hous. Auth., supra*).

We find that the IAS Court improvidently exercised its discretion in dismissing the complaint for failure to provide sufficient notice of the location of the accident.

Accordingly, the order of the Supreme Court, Bronx County (Douglas McKeon, J.), entered September 14, 1995, which, insofar as appealed from, denied plaintiffs' motion to serve and file an amended notice of claim and granted defendant's cross motion to dismiss the complaint, should be reversed, on the law and the facts, without costs, plaintiffs' motion granted, defendant's cross motion denied, and the complaint reinstated.

ELLERIN, NARDELLI, WILLIAMS and MAZZARELLI, JJ., concur.

Order, Supreme Court, Bronx County, entered September 14, 1995, reversed, on the law and the facts, without costs, plaintiffs' motion for leave to serve and file an amended notice of claim granted, defendant's cross motion to dismiss the complaint denied, and the complaint reinstated.