■ EDGAR BELTRAN, Respondent, v TOWN OF OYSTER BAY, Appellant. [719 NYS2d 285] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 13, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

General Municipal Law § 50-e (2) provides, *inter alia,* that a notice of claim shall set forth "the time when, the place where and the manner in which the claim arose." The requirement that a notice of claim set forth the place where the claim arose is met when the notice describes the location with sufficient particularity to enable the defendant to locate the alleged defect and to conduct a meaningful investigation so as to assess the merits of the claim before conditions change and memories fade (*see, Thomas v Town of Oyster Bay,* 190 AD2d 731; *Miles v City of New York,* 173 AD2d 298, 299; *Caselli v City of New York,* 105 AD2d 251). Contrary to the defendant's contention, the plaintiff's notice of claim complied with General Municipal Law § 50-e (2). Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.