■ NYDIA BAIRON et al., Respondents, v CITY OF NEW YORK, Appellant. [773 NYS2d 574]—

In an action, inter alia, to recover damages for wrongful death, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Lewis, J.), entered January 15, 2003, which, upon a jury verdict, is in favor of the plaintiffs and against it in the total sum of $610,925, and (2) a judgment of the same court entered August 8, 2003, which, upon the granting of the defendant's motion, in effect, to resettle the judgment with respect to the calculation of interest, is in favor of the plaintiff and against it in the total sum of $314,475.

Ordered that the appeal from the judgment entered January 15, 2003, is dismissed as that judgment was superseded by the judgment entered August 8, 2003; and it is further,

Ordered that the judgment entered August 8, 2003, is reversed, on the law, the defendant's motion to dismiss the action is granted, the complaint is dismissed, and the judgment entered January 15, 2003, is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On September 17, 1986, the then 10-year-old decedent died when he fell off a roof of a building, which was owned by the defendant, City of New York. On November 30, 1987, the defendant was served with a notice of claim, which alleged that it was negligent in maintaining its building and that the decedent tripped and fell over a defective roof. This action was subsequently commenced on or about April 11, 1988. In a verified bill of particulars dated October 1988, the plaintiffs asserted an additional theory of liability for the first time, alleging that the defendant was negligent ''in allowing dogs with vicious propensities to roam unleashed inside the building, thereby causing infant plaintiff decedent to fall off the roof while being chased by a dog and sustain such severe injuries that resulted in his death.'' At the trial, the plaintiffs attempted to prove only that the decedent died while fleeing a vicious dog, and presented no proof as to any defects in the roof. After trial, the jury returned a verdict in favor of the plaintiffs.

The Supreme Court should have granted the defendant's motion to dismiss the action subsequent to the close of evidence. The theory of liability advanced by the plaintiffs was not previously asserted in either their notice of claim or complaint and substantially altered the nature of their claim. Since they did not offer any proof in support of the theory of liability set forth in either the notice of claim or complaint, the action should have been dismissed (*see* General Municipal Law § 50-e; *Ford v Babylon Union Free School Dist.*, 213 AD2d 447 [1995]; *Demorcy v City of New York,* 137 AD2d 650 [1988]; *see also Johnson v*

*County of Suffolk,* 238 AD2d 480 [1997]; *Herron v City of New York,* 223 AD2d 676 [1996]). Accordingly, the judgment must be reversed and the complaint dismissed.

In light of the above, we need not reach the defendant's remaining contentions. Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.