■ Toby Revis, Appellant, v City of New York, Respondent. [795 NYS2d 200]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered August 2, 2004, dismissing the complaint, upon a jury verdict, in an action for personal injuries allegedly caused by a sidewalk defect, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 15, 2004, which denied plaintiff's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury's finding that the City had notice of the alleged defect but that it was not negligent in permitting the condition to exist is supported by a fair interpretation of the evidence and is not against the weight of the evidence (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). While plaintiff variously described the alleged defect as a "pothole," "ditch" or "uneven sidewalk," the photographs in evidence do not unequivocally show a nontrivial defect, and certainly do not depict a pothole or ditch. In addition, there was evidence that Big Apple maps are unreliable, and that the City's inspectors had found the Big Apple's indication of defects were often not what they claimed to be. Plaintiff's claim that the verdict is inconsistent was not raised before the jury's discharge and therefore is unpreserved for review (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]). In any event, based on the charge, the jury could have found that the City had notice of the alleged defect but that the condition was not sufficiently dangerous to impose a duty on the City to correct it (*see Trincere*, 90 NY2d at 977). Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.