■ JOHN C. MALLON, Doing Business as MALLON & ASSOCIATES, Respondent, v SECURITY TECHNOLOGIES GROUP, INC., et al., Appellants. [796 NYS2d 523]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 17, 2004, in defendants' favor, unanimously affirmed, with costs.

There was ample evidence to support the verdict in defendants' favor. The jury was entitled to credit the testimony that plaintiff was advised his retainer agreement would not apply in

the event of an acquisition by defendant Siemens, the eventual purchaser, and that, in any event, such acquisition was not accomplished through plaintiff's efforts, as required by the agreement.

Plaintiff's claim that the verdict is inconsistent was not raised before the jury's discharge and is therefore unpreserved for review (*Revis v City of New York*, 18 AD3d 290 [2005]). Were we to reach the issue, we would find no inconsistency in the verdict, inasmuch as the jury could have found contractual entitlement to a fee for plaintiff based on a sale through his efforts, but that plaintiff had played no role in this sale (*see Tanya Knitwear [PVT], Ltd. v Young Stuff Apparel Group, Inc.*, 12 AD3d 258 [2004]).

Defendants' assertion that the court misinterpreted a prior court's ruling with respect to the statute of frauds is academic in light of the subsequent trial and finding in their favor.

We have considered the parties' remaining contentions and find them unavailing. Concur—Marlow, J.P., Ellerin, Williams and Sweeny, JJ.