■ REGINA GARCIA, Individually and as Administratrix of the Estate of JOSE L. GARCIA, Deceased, Respondent-Appellant, v MICHAEL O'KEEFE et al., Appellants-Respondents. [825 NYS2d 38]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 5, 2005, which, following a jury trial, awarded plaintiff damages on her claim for false arrest in the principal amount of $206,652.01, consisting of $67,200 for past pecuniary loss, $88,400 for future pecuniary loss, and $15,000 in punitive damages, inclusive of interest and costs,

unanimously reversed, on the law and the facts, without costs, the judgment vacated and the complaint dismissed. The Clerk is directed to enter an amended judgment accordingly.

The intent underlying the notice of claim requirement embodied in General Municipal Law § 50-e is to protect the municipality from unfounded claims and ensure that it has an adequate opportunity to timely explore the merits of the claim while the facts are still "fresh" (*Adkins v City of New York*, 43 NY2d 346, 350 [1977]; *see also Brown v City of New York*, 95 NY2d 389, 392 [2000] [in order "(t)o enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim"]). Causes of action for which a notice of claim is required, that are not delineated in the plaintiff's original notice of claim, may not be interposed because " '[t]he addition of such causes of action which were not referred to, either directly or indirectly in the original notice of claim, would substantially alter the nature of the plaintiffs' claims' " (*Mazzilli v City of New York*, 154 AD2d 355, 357 [1989], quoting *Demorcy v City of New York*, 137 AD2d 650, 650-651 [1988]; *see also Chieffet v New York City Tr. Auth.*, 10 AD3d 526, 527 [2004]).

In this matter, false arrest is not listed as a theory of liability in plaintiff's notice of claim and we conclude it cannot be inferred from plaintiff's general assertions of "negligence, carelessness and recklessness," or from her claims of wrongful death and assault and battery (*Wanczowski v City of New York*, 186 AD2d 397 [1992]; *Mazzilli v City of New York*, 154 AD2d at 357). Accordingly, the court should have precluded plaintiff from offering proof relating to this theory of liability at trial (*Barksdale v New York City Tr. Auth.*, 294 AD2d 210, 211 [2002]; *White v New York City Hous. Auth.*, 288 AD2d 150 [2001]).

Further, even if plaintiff's claim for false arrest had been properly submitted to the jury, we find that the award for pecuniary damages should be set aside as against the weight of the evidence. The jury found that the initial stop of the decedent by defendant New York City police officer, which lasted only a few seconds, was improper but that the officer's subsequent actions, in response to decedent's attack on the officer, which included decedent's display of a firearm, were justified and did not constitute the use of excessive force. The jury also found that the officer did not violate the decedent's civil or constitutional rights under 42 USC § 1983. Accordingly, we find that the jury's damages award could not have been reached under any fair interpretation of the evidence, and was therefore against

the weight of the evidence (*see generally McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 205-206 [2004]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]), as it is clear that no damages flowed from the officer's momentary, improper stop of the decedent.

We also find no basis upon which to sustain the award of punitive damages. The evidence adduced at trial established that decedent was wearing an inappropriately heavy jacket on a hot and humid night; was standing on a street corner in an area known for a high incidence of crime; repeatedly pulled his jacket closed to conceal the front of his body; appeared to have a bulge beneath the jacket which the officer believed to be a gun; and viciously attacked the officer, during which the decedent pulled a gun and aimed it at the officer, after the officer had identified himself and grabbed the decedent by the shoulder. In view of the foregoing, we find that the officer's conduct did not rise to the level of wantonness and maliciousness which would allow for the recovery of punitive damages (*Guion v Associated Dry Goods Corp. [Lord & Taylor Div.]*, 43 NY2d 876, 877-878 [1978]; *Williams v Moore*, 197 AD2d 511, 514 [1993]).

Finally, plaintiff's claim that the verdict is inconsistent was not raised prior to the jury's discharge and is, therefore, unpreserved for review (*Mallon v Security Tech. Group, Inc.*, 19 AD3d 218, 219 [2005]; *Revis v City of New York*, 18 AD3d 290 [2005]) and, in any event, we find no inconsistency in the verdict in view of the jury instructions, to which no objection was raised. Moreover, the jury verdict awarding no damages for conscious pain and suffering "was supported by valid lines of reasoning and permissible inferences from the evidence at trial . . . [and] was not against the weight of the evidence" (*Mejia v JMM Audubon*, 1 AD3d 261, 262 [2003]; *McDermott v Coffee Beanery, Ltd.*, 9 AD3d at 205-206). Concur—Sullivan, J.P., Nardelli, Williams, Sweeny and McGuire, JJ. [*See* 5 Misc 3d 1006(A), 2004 NY Slip Op 51224(U) (2004).]