SUMMARY ORDER
Plaintiffs Vincent Parise (“Parise”) and Debra Parise appeal from a judgment entered September 21, 2007, 2007 WL 2746912, granting defendant New York City Department of Sanitation’s (“Sanitation”) motion for summary judgment and denying plaintiffs’ cross motion for leave to amend the notice of claim. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
We review a district court’s grant of summary judgment de novo. Davis v. Blige, 505 F.3d 90, 97 (2d Cir.2007).
In federal court, state notice-of-claim statutes apply to state-law claims. Felder v. Casey, 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Under New York law, a notice of claim is a condition precedent to bringing a personal injury action against a municipal corporation. See N.Y. Gen. Mun. Law § 50-e; Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir.1999). The notice of claim must set forth, inter alia, “the nature of the claim; [] the time when, the place where and the manner in which the claim arose; and [] the items of damage or injuries claimed to have been sustained.” N.Y. Gen. Mun. Law § 50-e(2).
The requirements of Section 50-e(2) need not be “stated with literal nicety or exactness.” Brown v. City of New York, 95 N.Y.2d 389, 718 N.Y.S.2d 4, 740 N.E.2d 1078,1080 (2000) (internal quotation marks omitted). Instead, the question “is merely whether [the notice of claim] includes information sufficient to enable the city to investigate.” Id. (internal quotation marks omitted). The purpose of the requirement “is to afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation.” Hardy, 164 F.3d at 794.
Here, the notice of claim was deficient on its face because it failed to state the cause of Parise’s fall or any theory of Sanitation’s liability. See, e.g., Levine v. City of New York, 111 A.D.2d 785, 490 N.Y.S.2d 533, 535 (App.Div.1985) (notice of claim was “plainly inadequate because it was silent as to the cause of [plaintiffs] fall”); Caselli v. City of New York, 105 A.D.2d 251, 483 N.Y.S.2d 401, 403-04 (App.Div.1984) (notice of claim was “plainly inadequate,” even though it stated that plaintiffs fall was caused by the carelessness and negligence of the City of New York in its ownership/inspection of pedestrian traffic and roadways, because “[t]he notice was utterly silent regarding causation, i.e., the nature of the defect which allegedly caused plaintiff to fall”).
However, pursuant to N.Y. Gen. Mun. Law Section 50-e(6),
At any time after the service of a notice of claim ..., a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section ... may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby.[2]
*698 We agree with the district court’s conclusion that Sanitation was prejudiced by the defective notice and therefore affirm.
First, a number of New York courts have held that Section 50-e(6) “merely permits correction of good faith, non-prej-. udicial, technical mistakes, defects or omissions, not substantive changes in the theory of liability.” Mahase v. Manhattan & Bronx Surface Transit Operating Auth., 3 A.D.3d 410, 771 N.Y.S.2d 99, 101 (App.Div. 2004); see also Garcia v. O’Keefe, 34 A.D.3d 334, 825 N.Y.S.2d 38, 39 (App.Div. 2006); Monmasterio v. New York City Hous. Auth, 39 A.D.3d 354, 833 N.Y.S.2d 498, 499 (App.Div.2007); Bairon v. City of New York, 5 A.D.3d 708, 773 N.Y.S.2d 574, 574-75 (App.Div.2004).
Second, Sanitation was clearly prejudiced here. With regard to Parise’s argu-ment that Sanitation was not prejudiced because it in fact located at least one witness with a recollection of the gangplank at the time of Parise’s fall, investigating supervisor Andrew Santasine, Sanitation did not know to ask Santasine about the condition of the gangplank at the time of the accident. Santasine’s contemporaneous accident report stated that there was no unsafe condition and Parise’s notice of claim did not list any condition that caused his fall and did not charge Sanitation with negligence.
As to the argument that any defect with regard to the alleged absence of handrails was corrected at the N.Y. Gen. Mun. Law Section 50-h hearing,[3] Parise’s' testimony at the hearing did not point to a lack of handrails as a cause of his fall. Instead, Parise testified that the gangplank on which he fell was moist from morning dew. He said nothing at all about handrails and did nothing to draw Sanitation’s attention to the fact that the photograph of the site that he submitted showed no handrails. Moreover, nearly all of the New York cases that have held that testimony at a Section 50-h hearing cured an initially defective notice of claim dealt with an initial failure to provide the exact location of the incident that was cured by testimony at the hearing shortly thereafter. See, e.g., Ingle v. New York City Transit Autk, 7 A.D.3d 574, 777 N.Y.S.2d 154, 155 (App.Div.2004); Seise v. City of New York, 212 A.D.2d 467, 622 N.Y.S.2d 941, 942-43 (App.Div.1995); Miles v. City of New York, 173 A.D.2d 298, 569 N.Y.S.2d 691, 692-93 (App.Div.1991).
Finally, with regard to Parise’s argument that it would not have mattered if the notice of claim identified moss or algae as a cause of his fall because the condition was so transitory that it would have been gone long before the notice of claim was ever filed, there is no indication in the record that the moss was the type of extremely transitory condition, like snow, ice, or garbage, that disappears within hours or days, rather than an ordinary transitory condition, like a sidewalk defect, that requires more particularity in the notice of claim to enable the defendant to conduct a proper investigation. Compare Hoffman v. New York City Hous. Auth, 187 A.D.2d *699 334, 589 N.Y.S.2d 475, 477 (App.Div.1992) (“Where the condition which allegedly caused the accident is extremely transitory, such as snow and ice, the defendants may be hard pressed to demonstrate that they have been prevented from carrying out a physical inspection by not having been timely informed of the accident’s precise location, as the condition would undoubtedly have changed or disappeared by the time a notice of claim was filed and an inspection conducted.”), and Williams v. City of New York, 229 A.D.2d 114, 654 N.Y.S.2d 775, 776 (App.Div.1997), with Levine, 490 N.Y.S.2d at 535 (greater particularity in the notice of claim required when the alleged negligence involves a sidewalk defect). Indeed, Santasine testified that the moss “happened over a period of time by the looks of it. Seemed to vary with the weather. Usually in the morning it’s damp. Maybe a little in the day, it dries up.”
We have considered appellants’ other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

. Although N.Y. Gen. Mun. Law Section 50-e(7) provides that "[a]ll applications under this section shall be made to the supreme court or to the county court: (a) in a county where the action may properly be brought for trial, (b) if an action to enforce the claim has been commenced, in the county where the action is pending, or (c) in the event that there is no motion term available in any of the counties specified in clause (a) or (b) hereof, *698 in any adjoining county,” we need not decide here whether a federal court has jurisdiction to correct or disregard a defective notice of claim pursuant to Section 50-e(6) because the district court concluded that even if it had such jurisdiction, it would deny plaintiffs’ request on the merits, and, as discussed herein, we see no error in that conclusion. See Corcoran v. N.Y. Power Auth, 202 F.3d 530, 540 (2d Cir.1999).

. N.Y. Gen. Mun. Law Section 50-h provides: “Wherever a notice of claim is filed against a city ... the city ... shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made.” The examination is commonly referred to as a Section 50-h hearing.