Townsend v New York City Hous. Auth. (2020 NY Slip Op 05874)





Townsend v New York City Hous. Auth.


2020 NY Slip Op 05874


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 302927/16 Appeal No. 12121 Case No. 2019-03285 

[*1]Mone A. Townsend, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Bernstone & Grieco, LLP, New York (Dylan M. Helfand of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about July 1, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff investigated a hissing sound coming from the electrical circuit box in her apartment and as she drew close to the circuit box, it suddenly burst into flame, burning her right arm. Plaintiff may raise res ipsa loquitur in opposition to defendant's motion without having alleged the doctrine in her notice of claim or complaint, as it is not a separate theory of liability, but rather, an evidentiary rule that involves "'a common sense application of the probative value of circumstantial evidence'" (Iannota v TishmanSpeyer Props., Inc., 46 AD3d 297, 299 [1st Dept 2007] [citation omitted]; see also Horowitz v New York City Hous. Auth., 188 AD2d 392 [1st Dept 1992]). Plaintiff's evidence raised triable issues as to application of the doctrine, as it showed that she had resided in the apartment for nearly 19 years, she would contact defendant's employees to remedy any issues with the circuit box, and defendant's employees handled the inspection, maintenance, and repair of the circuit box (see Pavon v Rudin, 254 AD2d 143, 145-147 [1st Dept 1998]; Nesbit v New York City Tr. Auth., 170 AD2d 92, 98-99 [1st Dept 1991]). To the extent defendant argues its lack of notice of the alleged dangerous condition, a triable issue of fact exists here regarding the applicability of the res ipsa doctrine, and proof of notice of a dangerous condition may be inferred under the doctrine (see Carter v New York City Hous. Auth., 176 AD3d 605, 606 [1st Dept 2019]; Ezzard v One E. Riv. Place Realty Co.,LLC, 129 AD3d 159, 163 [1st Dept 2015]; Mejia v Delgado, 160 AD3d 588 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020