■ KAREN MAHONEY, an Infant by Her Parent and Natural Guardian, GEORGE MAHONEY, et al., Appellants, v TOWN OF OYSTER BAY, Respondent.— In a negligence action, inter alia, to recover damages for personal injuries sustained by the infant plaintiff, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered May 23, 1978, which granted defendant's motion for summary judgment dismissing the complaint for plaintiffs' failure to serve a notice of claim, and denied plaintiffs' cross motion for summary judgment dismissing the first, second and third affirmative defenses contained in defendant's answer. Order reversed, on the law, without costs or disbursements, defendant's motion for summary judgment is denied and plaintiffs' cross motion is granted. The letter sent by plaintiffs' attorney to the defendant, within 90 days of the accident, should be deemed a valid notice of claim. It is clear that this letter was not merely an accident report, but was also intended as a notice of claim. However, we note that there were two defects in the notice of claim. First, service was not made pursuant to section 50-e (subd 3, par [a]) of the General Municipal Law, which provides that the "notice shall be served on the public corporation against which the claim is made by delivering a copy thereof personally, or by registered or certified mail, to the person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation." Paragraph (c) thereof provides that if the notice is not served in a proper manner, the service shall nevertheless be valid if the public corporation demands that the claimant be examined. Since oral depositions were taken by counsel for both parties it is clear that the defect in the manner of service was waived and the service must be deemed valid (see Verley v City of New York, 11 AD2d 1015). The second deficiency in the notice of claim was the lack of verification. Subdivision 6 of section 50-e of the General Municipal Law provides that an omission or defect in a notice of claim which was made in good faith may be corrected or disregarded at any stage of an action, in the court's discretion, provided the other party was not prejudiced thereby. We have heretofore held that the lack of verification may be excused or corrected (Matter of Moore v New York City Housing Auth., 35 AD2d 553). It is therefore clear that the lack of verification was not fatal to the validity of this notice of claim. In light of the foregoing, the notice of claim should be deemed valid. We also note that defendant's first affirmative defense, alleging failure to comply with section 65-a of the Town Law, should be dismissed. Since the injuries were allegedly sustained on an ice skating rink, section 65-a of the Town Law is clearly inapplicable. Damiani, J. P., Titone, Gulotta and Shapiro, JJ., concur.