■ HERBERT J. GASS et al., Appellants, v ROBERT H. HAHN et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated July 12, 1982, which granted defendants' motion to dismiss the complaint for failure to comply with sections 50-e and 50-i of the General Municipal Law and denied plaintiffs' cross motion to dismiss defendants' third affirmative defense and for leave to serve a late notice of claim. Order affirmed, with costs. The essential facts are undisputed. On November 26, 1979, plaintiff Herbert Gass was allegedly injured when the vehicle he was driving, which was owned by his mother, plaintiff Patricia Gass, was struck by a vehicle owned by defendant Garden City Village, Inc. (hereinafter the village) and driven by its employee, defendant Robert Hahn. Subsequently, by retainer letter dated December 15, 1979, plaintiffs' counsel advised the village that they had been retained by Herbert Gass "to prosecute his claim for personal injuries and property damage sustained on or about the 26th day of November, 1979 in the vicinity of Merrick Avenue, Westbury, New York", and requested that the village forward that document to its insurance carrier so

that counsel might take up the matter with the carrier directly. The unverified retainer letter neither stated the manner in which the alleged injuries were sustained nor delineated the exact time and location of the occurrence (see General Municipal Law, § 50-e, subd 2). Further, Patricia Gass was not identified as a claimant, the letter did not furnish the postal addresses of either Herbert or Patricia Gass and it failed to properly set forth the items of damage or the injuries claimed (see General Municipal Law, § 50-e, subd 2). Plaintiffs made no attempt to serve a formal notice of claim within the statutory 90-day period prescribed by subdivision 1 of section 50-e of the General Municipal Law, and made no application for an order permitting service of a late notice of claim on the village pursuant to subdivision 5 of that statute within one year and 90 days of the happening of the event (see General Municipal Law, § 50-e, subds 1, 5). We agree that Special Term properly granted defendants' motion to dismiss the complaint. The retainer letter at issue cannot, as plaintiffs would persuade this court, suffice as a proper and timely notice of claim. It is true that where a letter fails to furnish the post-office address of claimants, but otherwise substantially conforms with the provisions of section 50-e of the General Municipal Law, such defect may not be fatal (*Gennusa v Lindenhurst Public Schools,* 68 AD2d 901; see General Municipal Law, § 50-e, subd 6). It is also true that a defect in the manner of service of an otherwise sufficient notice of claim may be waived, and a failure to verify the notice of claim excused or corrected (see *Mahoney v Town of Oyster Bay,* 71 AD2d 879). However, the brief, vague, perfunctory retainer letter of plaintiffs' counsel can by no interpretation, however strained, be deemed to sufficiently set forth "the name * * * of each claimant * * * the time when, the place where and the manner in which the claim arose; and * * * the items of damage or injuries claimed" (General Municipal Law, § 50-e, subd 2, pars [2], [3], [4]). Thus, the letter cannot be deemed to constitute a notice of claim. Plaintiffs' remaining contentions have been reviewed and found to be without merit. Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.