■ DELROY CREARY, Appellant, v VILLAGE OF MAMARONECK, Respondent.

Special Term erred in summarily dismissing so much of plaintiff's complaint as sought to recover damages for malicious prosecution. An indispensable element of a claim for malicious prosecution is that the criminal proceeding instigated by the

defendant terminate in favor of the accused (*see, Hollender v Trump Vil. Coop.*, 58 NY2d 420, 425; *Martin v City of Albany*, 42 NY2d 13, 16; *Burt v Smith*, 181 NY 1, 5, *appeal dismissed* 203 US 129; *State Bank of Albany v McAuliffe*, 108 AD2d 979; *Groat v Town Bd.*, 73 AD2d 426, 428, *appeal dismissed* 50 NY2d 928). For purposes of the Statute of Limitations, the cause of action does not accrue until there has been a termination of the original proceeding in favor of the plaintiff (*see, Whitmore v City of New York*, 80 AD2d 638, *appeal dismissed* 54 NY2d 753; *Peresluha v City of New York*, 60 AD2d 226).

The record reveals that plaintiff was arrested by members of the police department of the defendant village, on August 10, 1981. On or about February 17, 1982, the matter was presented to the Grand Jury which refused to return an indictment against him. Plaintiff served his notice of claim upon the village on or about April 2, 1982, and commenced this action on or about March 30, 1983. The Grand Jury's decision not to return a true bill constituted a final disposition in a criminal court (*see,* CPL 190.75, 1.20 [16]), and it was as of this date that the criminal proceedings terminated in plaintiff's favor and that his claim for malicious prosecution accrued. Accordingly, plaintiff has complied with the statutory time limitations imposed upon him by General Municipal Law §§ 50-e and 50-i, as to this cause of action.

Further, plaintiff's failure to verify his notice of claim was purely inadvertent. It is not fatal to the validity of the notice (*see,* General Municipal Law § 50-e [6]; *Mahoney v Town of Oyster Bay*, 71 AD2d 879; *Matter of Moore v New York City Hous. Auth.*, 35 AD2d 553).

Finally a municipality cannot be held liable for damages in a civil rights action commenced pursuant to 42 USC § 1983 solely on a theory of respondeat superior (*Monell v New York City Dept. of Social Servs.*, 436 US 658, 691; *Johnson v Town of Colonie*, 102 AD2d 925; *La Belle v County of St. Lawrence*, 85 AD2d 759). Since plaintiff's claim is predicated on the actions of individual members of the police department and does not allege "direct, affirmative culpability on the part of the municipality" (*Johnson v Town of Colonie, supra*, p 926, citing *Monell v New York City Dept. of Social Servs.*, 436 US 658, 691, *supra*), so much of the complaint as appears to seek recovery under the Federal and State civil rights laws should be dismissed. Titone, J. P., Lazer, Thompson and Rubin, JJ., concur.