■ Esther Becker, Respondent, v City of New York, Appellant.—In an action to recover damages for personal injuries, the defendant City of New York appeals from so much of an order of the Supreme Court, Kings County (Morton, J.), dated October 31, 1985, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint as against it, or, in the alternative, for summary judgment in its favor.

Ordered, that the order is affirmed insofar as appealed from, without costs or disbursements.

The instant action was commenced by the plaintiff against the defendant City of New York to recover damages incurred on January 21, 1983, as the result of an alleged sidewalk fall. The plaintiff's notice of claim, which was served on January 28, 1983, alleged that the accident occurred "at 7323 Avenue U, corner of 74th Street and Avenue U", and the complaint, served in March 1983, merely alleged that the accident occurred "at E. 74th Street & Avenue U". The complaint did not allege that written notice of the allegedly dangerous sidewalk condition had been given to the city's Commissioner of Transportation at least 15 days prior to the accident as required by Administrative Code of the City of New York former § 394a-1.0 (d) (2) (now § 7-201 [c] [2]; hereinafter the Pothole Law). At a Comptroller's hearing conducted on February 14, 1984, the plaintiff testified that the accident occurred while she was walking toward her home at 7405 Avenue U. With regard to the particular location of the sidewalk defect, the plaintiff testified as follows:

"Q Did your accident take place on the sidewalk?

"A On the sidewalk.

"Q And the sidewalk where the accident took place, did that have any snow on it?

"A No.

"Q Could you give me the name of the avenue or street in which sidewalk you were hurt?

"A It was 7323 Avenue U.

"Q U is the number of the building alongside of the sidewalk where you got hurt?

"A Yes.

"Q Were you near a corner at the time of the accident?

"A Yes, it is a corner house.

"Q So what would the corner be?

"A The corner would be 74th Street * * *

"Q Alright, could you tell me how far away from the corner of 74th Street the accident happened? Approximately?

"A I don't know, 10 steps or something. I don't know exactly.

"Q Could you tell me how wide the sidewalk was in front of 7323 Avenue U to the curb? Give me an idea of how wide the sidewalk was?

"A I don't know. It's a regular sidewalk. It's a normal sidewalk. I have no idea.

"Q Were you walking closer to the building at the time of the accident or closer to the curb?

"A No, I was walking in the middle not close to the building, closer to the middle like".

In June 1985 after joinder of issue, the defendant moved to dismiss the complaint as against it pursuant to CPLR 3211 (a) (7), or, in the alternative for summary judgment in its favor on the ground that its Commissioner of Transportation had not received the requisite written notice of the sidewalk defect at 7323 Avenue U at least 15 days prior to the accident as required by the Pothole Law. In support of the motion, the defendant submitted an affidavit from the Director of the Prior Notification Unit of its Department of Transportation indicating that the requisite written notice regarding an alleged sidewalk defect at 7323 Avenue U had not been timely received.

In opposition to the defendant's motion and in support of a cross motion for summary judgment on the issue of prior written notification, the plaintiff's counsel (1) submitted an affidavit alleging that the accident did not occur in front of 7323 Avenue U, but rather "at or near said premises on the East 74th Street side" and (2) submitted a map, prepared by the Big Apple Pothole & Sidewalk Protection Corp. and filed with the defendant's Department of Transportation on July 15, 1982, about six months prior to the accident, which indicated that a sidewalk defect existed on East 74th Street right near that street's intersection with Avenue U.

Special Term denied both the defendant's motion and the plaintiff's cross motion.

On the instant appeal the defendant initially argues that the complaint should have been dismissed by Special Term, since the complaint did not allege, as required, that written notice of the particular sidewalk defect had been given to the defendant at least 15 days before the accident.

The prior written notice required by the Pothole Law is a condition precedent to the plaintiff's cause of action which she was required to plead and prove (Cipriano v City of New York, 96 AD2d 817; Acevedo v City of New York, 128 AD2d 488). Although that allegation was missing from the plaintiff's complaint, the plaintiff's affidavits submitted in opposition to the defendant's motion and in support of her cross motion clearly allege that timely written notice of a sidewalk defect was given to the defendant pursuant to the Pothole Law. It is well settled that where a motion to dismiss is made under

CPLR 3211 (a) (7), affidavits may be received for the limited purpose of remedying defects in the complaint *(Rovello v Orofino Realty Co.,* 40 NY2d 633). Accordingly, Special Term correctly denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

With respect to the defendant's alternative demand for summary judgment, its moving papers contained an affidavit attesting to the lack of written notice pursuant to the Pothole Law concerning a sidewalk defect at 7323 Avenue U. Under these circumstances, it was incumbent upon the plaintiff to produce "evidentiary facts" *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 343) demonstrating that written notice of that sidewalk defect, as required by the Pothole Law, had been timely given. A map similar to the one submitted by the plaintiff's counsel has been held to constitute "written notice" of defects to the Commissioner of Transportation pursuant to the Pothole Law *(see, Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso,* 110 Misc 2d 688, 691). The crucial issue here is whether the plaintiff fell as a result of the defect designated on the map to have existed on East 74th Street near the intersection with Avenue U. It is true that the statement of the plaintiff's attorney regarding the actual site of the accident has no evidentiary value, since he has no personal knowledge of the facts *(Zuckerman v City of New York,* 49 NY2d 557, 563; *Di Sabato v Soffes,* 9 AD2d 297, 301). However, contrary to the defendant's argument, the plaintiff, in her notice of claim and testimony at the Comptroller's hearing did raise an issue of fact in this regard. Accordingly, the defendant's demand for summary judgment was properly denied. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.