■ Eva Kornecki et al., Appellants, v City of New York, Respondent. [614 NYS2d 298] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 9, 1992, which denied their application for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contentions, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' application for leave to serve a late notice of claim (see, General Municipal Law § 50-e [5]). A period of approximately 10 months elapsed before the plaintiffs sought leave to serve a late notice of claim in connection with an alleged trip and fall accident in Brooklyn.

The foregoing delay, considered in conjunction with the transitory nature of the alleged defect *(see, Matter of D'Andrea v City of Glen Cove Pub. Schools,* 143 AD2d 747; *Caselli v City of New York,* 105 AD2d 251), the failure of the plaintiffs to provide a reasonable excuse for their inaction *(see, Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, *affd* 78 NY2d 958; *Carbone v Town of Brookhaven,* 176 AD2d 778; *Gaye v City of New York,* 144 AD2d 532), and the fact that the original notice of claim was inadequate because it misidentified the actual location where the accident allegedly occurred *(see,* General Municipal Law § 50-e [2]; *Setton v City of New York,* 174 AD2d 723; *Mitchell v City of New York,* 131 AD2d 313), amply supports the Supreme Court's exercise of discretion in denying leave to serve a late notice of claim. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.