■ HESKEL HALALI et al., Respondents, v CITY OF NEW YORK, Appellant. [623 NYS2d 618] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from an interlocutory judgment of the Supreme Court, Kings County (Yoswein, J., at trial; Krausman, J., on judgment), dated February 10, 1993, which, upon a jury verdict, found the defendant 80% at fault in the happening of the accident,

Ordered that the interlocutory judgment is affirmed, with costs.

The plaintiffs' notice of claim, which involved a defective sidewalk, described the site of the accident as "the sidewalk adjacent to premises known as 1601 East 8th Street, Brooklyn". That premises is a corner residence located at the intersection of East 8th Street and Avenue P. It was later alleged in the bill of particulars and established at trial that the accident occurred on the Avenue P side of the premises located at 1601 East 8th Street, near a tree. Under the circumstances, the notice of claim set forth the place where the claim arose with adequate specificity (see, General Municipal Law § 50-e [2]; Becker v City of New York, 131 AD2d 413).

In any event, General Municipal Law § 50-e (6) provides that a "defect [in the notice of claim] made in good faith * * * may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby". In determining whether the defendant was prejudiced, the court is not "limited to the 'four corners' of the notice of claim", but may consider "such other evidence as is properly before the court" (D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893).

In the instant case, the defendant did not conduct a hearing pursuant to General Municipal Law § 50-h, and there is no evidence that it conducted any investigation of the accident in reliance upon the allegedly defective notice of claim. Further, the bill of particulars clearly stated the location of the accident, and the injured plaintiff, at his examination before trial, noted the direction in which he was walking (from E. 9th St. to E. 8th St.), specified that he fell on the part of the sidewalk near a tree, and pointed out the site of the accident in a photograph provided by the defendant. Thus, the defendant cannot claim surprise or prejudice (see, Herrera v City of New York, 211 AD2d 759; Zinnamon v City of New York, 197 AD2d 618; Miles v City of New York, 173 AD2d 298, 299).

The defendant's remaining contentions are without merit. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.