■ HARRY CARVER et al., Respondents, v TOWN OF RIVERHEAD, Appellant, et al., Defendant. [647 NYS2d 33] —In an action to recover damages for personal injuries, etc., the defendant Town of Riverhead appeals from so much of an order of the

Supreme Court, Suffolk County (Doyle, J.), dated March 29, 1995, as granted the branch of the plaintiffs' motion which was to strike its sixth affirmative defense set forth in its answer, and denied its cross motion to dismiss the complaint for failure to serve a notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the afternoon of July 9, 1993, the plaintiff Theresa Carver was injured when she tripped and fell over a rough patch of cement on the sidewalk in front of Swezey's Department Store in Riverhead. Five days after the injured plaintiff's fall, a store employee sent a report describing the incident to the Town Clerk of the defendant Town of Riverhead (hereinafter the Town). The report, which was signed by the injured plaintiff, included details of her injuries, and the names of two witnesses to the accident. Although the report was not in the form of a formal notice of claim, the Town Clerk forwarded it to the Town Attorney, where the matter was assigned a claim number, and an examination pursuant to General Municipal Law § 50-h was subsequently conducted.

Contrary to the Town's contention, the Supreme Court did not improvidently exercise its discretion in treating the document served by the department store as a notice of claim, and in excusing the plaintiffs' failure to verify the document. Significantly, the document contained the essential information required in a notice of claim, and while it was not served upon the Town Clerk in the manner and method prescribed by statute, the Town waived this defect by taking oral depositions of the plaintiffs (see, General Municipal Law § 50-e [3] [c]; *Mahoney v Town of Oyster Bay*, 71 AD2d 879; *cf., Matter of Moore v New York City Hous. Auth.*, 35 AD2d 553). Furthermore, the failure to verify a notice of claim may be excused or corrected where, as here, it does not appear that the defendant has been prejudiced by the defect (see, General Municipal Law § 50-e [6]; *Mahoney v Town of Oyster Bay, supra; see also, D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891). Under these circumstances, it was within the court's discretion to strike the Town's sixth affirmative defense which was predicated upon the plaintiffs' failure to serve a notice of claim, and to deny the cross motion to dismiss the action. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.