■ In the Matter of EMMA SANTARPIA, Appellant, v CITY OF NEW YORK, Respondent. [647 NYS2d 861] —In a proceeding pursuant to General Municipal Law § 50-e (6) for leave to serve an amended notice of claim, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court,

Kings County (Hutcherson, J.), dated March 9, 1995, as denied the petition.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, the petition is granted, and the amended notice of claim attached to the petition is deemed served.

The petitioner alleged that she was injured when she tripped on a defective sidewalk on March 5, 1994. In her notice of claim verified on April 18, 1994, the petitioner alleged that the site of the accident was the sidewalk in front of the premises located at 5714 Avenue N in Brooklyn. Four months later, at a hearing held pursuant to General Municipal Law § 50-h, the petitioner stated that the accident occurred on the sidewalk in front of 5715 Avenue N. In September 1996, less than one month after the hearing, the petitioner brought this proceeding to amend the notice of claim, alleging that the incorrect address was a typographical error.

Pursuant to General Municipal Law § 50-e (6), "a mistake, omission, irregularity or defect made in good faith" in a notice of claim may be corrected in the court's discretion "provided it shall appear that the other party was not prejudiced thereby" (General Municipal Law § 50-e [6]; *see, Halali v City of New York,* 213 AD2d 449, 450; *Seise v City of New York,* 212 AD2d 467, 468). Since there is no allegation of bad faith on the part of the petitioner, the only issue is whether the respondent City of New York can show itself prejudiced by the amendment.

In making a determination of prejudice, the court may look to evidence adduced at the section 50-h hearing and other evidence which is properly before the court (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891). We conclude that the evidence in the record does not support the City's claim of prejudice. Photographs of the accident scene which were served with the original notice of claim and attached thereto sufficiently identified the correct location of the accident. Moreover, the City received notice of the correct address at the section 50-h hearing, which was held about five months after the accident (*see, Seise v City of New York, supra*) and during which the City was advised that photographs of the accident site had been taken in March 1994 and were available. Since the City failed to establish that the defective notice impeded its ability to investigate the claim, the denial of the petition was an improvident exercise of the court's discretion. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.