■ MARIE CYPRIEN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [664 NYS2d 574] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated November 26, 1996, which denied its motion to dismiss the complaint for failure to sufficiently identify the location of the accident in the notice of claim.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e (2) provides that a notice of claim must set forth, *inter alia,* the time when, the place where, and the manner in which a tort claim against a municipality arose (*see, Altmayer v City of New York,* 149 AD2d 638, 639). The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim (*see, Altmayer v City of New York, supra,* at 639; *Faubert v City of New York,* 90 AD2d 509). Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case (*see, Schwartz v City of New York,* 250 NY 332, 334; *Levine v City of New York,* 111 AD2d 785).

General Municipal Law § 50-e (6) provides that a "mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that two conditions have been met: first, the mistake, omission, irregularity, or defect must be made in good faith, and second, it must appear that the public corporation was not prejudiced thereby (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Caselli v City of New York,* 105 AD2d 251, 253-254).

In the instant case, the omission was made in good faith and there is no evidence that the defendant suffered prejudice.

Accordingly, the defendant's motion was properly denied. Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.