■ PATRICIA HAYWARD, Appellant, v ROSE & THISTLE, LTD., Sued Herein as ROSE & PHISTLE, LTD., Respondent, et al., Defendants. [718 NYS2d 401] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 18, 1999, as granted that branch of the motion of the defendant Rose & Thistle, Ltd., s/h/a Rose & Phistle, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, dated January 10, 2000, which denied her motion for reargument and renewal.

Ordered that the order dated October 18, 1999, is reversed, on the law, that branch of the motion is denied, and the complaint is reinstated against the defendant Rose & Thistle, Ltd., s/h/a Rose & Phistle, Ltd.; and it is further,

Ordered that the appeal from the order dated January 10, 1999, is dismissed as academic in light of our determination of the appeal from the order dated October 18, 1999; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

General Obligations Law § 11-101 (1) (the Dram Shop Act) provides a plaintiff with a cause of action against a defendant who has sold alcohol to a person who was "visibly intoxicated" and who then injures the plaintiff. The defendant Rose & Thistle, Ltd., s/h/a Rose & Phistle, Ltd. (hereinafter R & T)

failed to submit sufficient evidence to establish, as a matter of law, that it did not serve alcohol to the defendant Richard F. Karchin while he was visibly intoxicated. Therefore, R & T did not establish its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Under these circumstances, the sufficiency of the plaintiff's responsive papers is irrelevant (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.