■ WILLIAM CALVONI, Appellant, v CITY OF NEW YORK et al., Respondents. [720 NYS2d 796] —In an action to recover dam-

ages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 17, 2000, as denied that branch of his motion which was for leave to serve an amended notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the motion which was for leave to serve an amended notice of claim is granted.

The plaintiff alleged that on May 8, 1998, officers of the New York City Police Department unlawfully confiscated merchandise that he was selling. The plaintiff moved for leave to serve an amended notice of claim to correct the date of the incident from "May 8, 1998," to "on or about May 8, 1998 and continuing through May 9, 1998" (*see,* General Municipal Law § 50-e [6]). The error was not made in bad faith. Furthermore, the defendants did not demonstrate any actual prejudice from this error (*see, Puertas v New York City Hous. Auth.,* 199 AD2d 485; *Formanek v New York City Hous. Auth.,* 197 AD2d 664; *Zinnamon v City of New York,* 197 AD2d 618). The evidence, including evidence adduced at a hearing held before the New York City Environmental Control Board approximately four months after the incident (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Matter of Continental Ins. Co. v City of Rye,* 257 AD2d 573; *Matter of Santarpia v City of New York,* 231 AD2d 726; *Matter of DeAngelis v County of Dutchess,* 159 AD2d 706), does not support the defendants' claim that they would be prejudiced by granting the plaintiff leave to amend his notice of claim. Under the circumstances of this case, the court improvidently exercised its discretion in denying that branch of the plaintiff's motion (*see, Santiago v County of Suffolk,* 280 AD2d 594 [decided herewith]). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.