■ MARIO SANTIAGO et al., Appellants, v COUNTY OF SUF-FOLK et al., Respondents, et al., Defendants. [720 NYS2d 540] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 10, 2000, which denied their motion for leave to serve an amended notice of claim on the defendant County of Suffolk and for leave to serve an amended complaint on the defendants County of Suffolk and Carol Konner.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the amended notice of claim and the amended complaint which were attached to the motion are deemed served; and it is further,

Ordered that the respondents' time to answer the amended complaint is enlarged until 20 days after service upon them of a copy of this decision and order with notice of entry.

The plaintiff Mario Santiago alleged that he was injured when the floor of certain premises allegedly owned by the defendant County of Suffolk collapsed underneath him. In the notice of claim and the original complaint, the plaintiffs identified the premises as 165 Mill Road in Westhampton, instead of Westhampton Beach (hereinafter the premises). Upon discovering the error, the plaintiffs moved to amend the notice of claim with respect to the County and the complaint with respect to the County and the defendant Carol Konner.

Pursuant to General Municipal Law § 50-e (6), "a mistake, omission, irregularity or defect made in good faith" in a notice of claim may be corrected in the court's discretion "provided it shall appear that the other party was not prejudiced thereby" (General Municipal Law § 50-e [6]). Since there is no allegation of bad faith on the part of the plaintiffs, the only issue is whether the County can show that it would be prejudiced by the amendment (*see, Matter of Santarpia v City of New York,* 231 AD2d 726).

Prejudice will not be presumed (*see, Evers v City of New York,* 90 AD2d 786, 787). The County's claim that it was thwarted in its investigation is belied by its failure to deny ownership of the premises in its answer. Such failure consti-

tuted an admission of ownership (*see,* CPLR 3018 [a]; *Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702, 705; *Mooney v PCM Dev. Co.,* 238 AD2d 487, 488). Moreover, it does not appear that the County ever undertook an investigation of the claim. Accordingly, since there was no assertion that the error was made in bad faith and the County failed to demonstrate any actual prejudice, the plaintiffs should have been granted leave to serve an amended notice of claim (*see, Calvoni v City of New York,* 280 AD2d 572 [decided herewith]; *Tucker v Long Is. R. R. Co.,* 128 AD2d 517; *Williams v City of New York,* 229 AD2d 114, 117).

In the absence of any demonstrable prejudice to the respondents, it was an abuse of discretion to deny the plaintiffs leave to serve an amended complaint on the County and Konner (*see, Tucker v Long Is. R. R. Co., supra*). Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.