■ DIANE PALMIERI, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [733 NYS2d 127] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Mason, J.), dated March 27, 2001, which granted the defendant's motion to dismiss the complaint on the ground that the notice of claim was defective.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly was injured when she was sitting in her parked vehicle and a bus operated by the defendant struck

her vehicle and left the scene. In her notice of claim, the plaintiff provided the time and location of the accident, as well as the route number of the bus, and the manner in which her claim arose. In addition, the plaintiff provided a license plate number of the bus which, upon investigation by the defendant, turned out not to belong to a bus owned or operated by the defendant. Despite its knowledge that the license plate number supplied by the plaintiff did not belong to one of its buses, the defendant did not move to dismiss the complaint until the trial commenced, over four years after the notice of claim was served. Under these circumstances, the Supreme Court erred in granting the motion to dismiss the complaint.

The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the municipal agency to investigate. In determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on whether, based on the claimant's description, municipal authorities can locate the place, fix the time, and understand the nature of the accident (*see, Brown v City of New York,* 95 NY2d 389, 393). Furthermore, General Municipal Law § 50-e (6) provides that a "mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that two conditions are met. First, the mistake, omission, irregularity, or defect must be made in good faith, and second, it must appear that the public corporation was not prejudiced thereby (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673).

Here, the plaintiff's mistake was made in good faith. In addition, the plaintiff's supply of a license plate number that did not belong to a bus owned or operated by the defendant did not prejudice the defendant in any manner given that it was provided with other sufficient information in the notice of claim from which it could determine the place, time, and nature of the accident. Moreover, the fact that the defendant delayed for so long in moving to dismiss the complaint on the ground that the notice of claim was defective undermines any claim that it was prejudiced in not having the correct information sooner (*see, Miles v City of New York,* 173 AD2d 298). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.