■ In the Matter of JUAN LEBRON, Appellant, v CITY OF NEW YORK, Respondent. [739 NYS2d 641] —In a proceeding for leave

to serve an amended notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 17, 2001, which denied the application and granted the defendant's cross motion to dismiss the proceeding.

Ordered that the order is affirmed, with costs.

It is undisputed that the petitioner's original notice of claim was defective in that it provided a nonexistent address for the accident location (*see* General Municipal Law § 50-e [2]; *Kornecki v City of New York,* 205 AD2d 665; *Caselli v City of New York,* 105 AD2d 251). Thus, the petitioner made the instant motion to amend his notice of claim. A court may, in its discretion, grant a motion for leave to amend a notice of claim (*see* General Municipal Law § 50-e [6]) if the mistake, omission, irregularity, or defect in the notice was made in good faith and the municipality has not been prejudiced (*see D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673; *Flanagan v County of Westchester,* 238 AD2d 468; *Martire v City of New York,* 129 AD2d 567). Here, the Supreme Court providently exercised its discretion in denying the petitioner's motion to amend and in granting the defendant's cross motion to dismiss as the respondent would be prejudiced by the amendment (*see, Caselli v City of New York, supra*). In addition, there is no merit to the petitioner's contention that the prejudice to the respondent was alleviated by an incident report made by a security officer on the day of the accident (*see, Matter of Baldi v Mt. Sinai School Dist.,* 254 AD2d 414; *Caselli v City of New York, supra*). Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.