OPINION OF THE COURT
Edward H. Lehner, J.
The issue raised on the motions before me is whether the failure of the plaintiff to serve a notice of claim that was sworn to is fatal to the action commenced against the Port Authority of New York and New Jersey (the Authority).
Facts
On October 1, 1999, plaintiffs counsel wrote a letter to the Authority asserting a claim for unpaid services rendered of *335 $27,581.18, as well as a claim for a possible exposure of having to pay an additional $15,000 in insurance premiums. By letter dated October 22, 1999, the Authority asserted that plaintiff had breached the contract with the Authority and consequently denied the claim. On January 21, 2000 the summons and complaint in this action were filed with the County Clerk in which plaintiff seeks $34,581.18 in past damages, plus $300,000 in loss of profits. By answer dated March 27, 2000, the Authority asserted, as affirmative defenses, that the court lacks “subject matter jurisdiction” and that plaintiff “failed to comply with the jurisdictional prerequisites contained in [defendant’s] * * * suability statute.”
Before me are plaintiff’s motion to strike the aforesaid affirmative defenses, and the Authority’s cross motion to dismiss the action pursuant to CPLR 3211 (a) (2) and (7) solely on the ground that the October 1, 1999 letter sent by plaintiff’s counsel fails to satisfy the notice of claim requirement set forth in McKinney’s Unconsolidated Laws of NY § 7108 (L 1974, ch 938, as amended) in that it is unverified.
Discussion
The consent of the Authority to be sued is conditioned on a notice of claim being served “by or on behalf of the plaintiff * * * at least sixty days before such suit * * * is commenced” (Uncons Laws § 7107), which must be “sworn to by or on behalf of the claimant” (Uncons Laws § 7108).
With respect to similar notice of claim provisions in General Municipal Law § 50-e (which requires that the notice be “sworn to”) and Education Law § 3813 (which requires an allegation in a complaint that a “verified” notice was served), the Second Department has repeatedly held that a lack of verification of the notice of claim may be excused or corrected (Gass v Hahn, 98 AD2d 741 [1983]; Mahoney v Town of Oyster Bay, 71 AD2d 879 [1979]; Belluardo v Board of Educ. of Commack Union Free School Dist., 68 AD2d 887 [1979]; Moore v New York City Hous. Auth., 35 AD2d 553 [1970]; McCullough v Board of Educ. of Ramapo Cent. School Dist. No. 2, 11 AD2d 740 [I960]).
However, the recent decision of the First Department in City of New York v Port Auth. (284 AD2d 195, 195 [2001]) appears to have concluded that the lack of verification in a case against the Authority deprives the court of “subject matter jurisdiction.” The lower court decision in that case (NY County, Index No. 40534/99) shows that: an unverified notice of claim was served by the City of New York on the Authority on October 26, 1999; *336 on November 15, 1999 the Authority informed the City that the notice was defective because it was unsworn; on December 2, 1999 the City served a verified notice of claim that otherwise was identical to that served on October 26; on December 30, 1999 the City served a summons and complaint upon the Authority; and on January 5, 2000 the Authority advised the City that the action was defective as having been commenced prematurely in violation of Unconsolidated Laws § 7107 as served less than 60 days after the service of the verified notice of claim. While the City argued that it had substantially complied with Unconsolidated Laws § 7107, the lower court dismissed the action concluding that since “the notice requirement is a jurisdictional requirement it must be strictly construed * * * [and] cannot be waived.”
The Appellate Division (at 195) affirmed the dismissal, holding that the City failed to comply with the notice of claim requirements of Unconsolidated Laws § 7108, and that “defects in a notice of claim served upon a State agency may not be judicially waived where, as here, there is no statutory authority for such waiver.” Although the Appellate Division did not discuss any of the foregoing Second Department cases, there is clearly a difference between the power of a court in cases decided under General Municipal Law § 50-e compared to those decided under Unconsolidated Laws § 7108, as the former contains subdivision (6) which provides that:
“a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby.”
Importantly, no similar provision appears in the statutes governing claims against the Authority. This difference was pointed out in Luciano v Fanberg Realty Co. (102 AD2d 94, 97 [1st Dept 1984]), where it was noted that section 50-e “applies exclusively to municipal corporations and has no application to the Port Authority, a bistate agency” (at 97; see also, Patel v Port Auth., 184 AD2d 235 [1st Dept 1992]).
In arguing against the binding precedent of the decision in City of New York v Port Auth. (supra), plaintiff contends that the case may be differentiated because there it was alleged that the City’s notice of claim, in addition to being unsworn, was defective because it “was not served at least sixty days *337 prior to commencement of suit,” whereas there is no claim that the instant action is untimely (affirmation of Louis Zapata, dated Aug. 8, 2001, 9). However, although not specifically
stated, the lack of verification on the October 26 notice was evidently the cause of the dismissal as otherwise the action would not have been dismissed as prematurely commenced as that notice was served more than 60 days, prior to the commencement of the action on December 30.
Based on the above, I am constrained to conclude that the failure to serve a notice of claim that was sworn to is fatal by reason of the provisions of Unconsolidated Laws § 7108 and the lack of authority on the part of the court to excuse the failure. Thus, the motion of plaintiff is denied and the cross motion of defendant to dismiss the action is granted.