■ TROY BUTLER, Respondent, v TOWN OF SMITHTOWN, Appellant. [742 NYS2d 324] —In an action to recover damages for personal °injuries, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 26, 2000, as denied

that branch of its motion which was to dismiss the complaint on the ground that the notice of claim was defective, and (2) from an order of the same court (Pitts, J.), dated January 2, 2001, which also denied that branch of its motion which was to dismiss the complaint on the ground that the notice of claim was defective.

Ordered that the appeal from the order dated October 26, 2000, is dismissed, as that order was superseded by the order dated January 2, 2001; and it is further,

Ordered that the order dated January 2, 2001, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff alleged that he was injured on March 20, 1999, when he tripped and fell over a two- to three-inch height differential between old and new pavement in the defendant's parking lot. Approximately one month after the accident, the plaintiff returned to the accident site to take photographs of the defect but discovered that the parking lot had been recently repaved and the defect was gone. In the timely served notice of claim, the plaintiff described the location of the defect as being "approximately 12-13 parking spaces from the entrance to the parking lot closest to the club entrance." After the statute of limitations expired, the defendant moved to dismiss the complaint on the ground that, among other things, the notice of claim did not set forth the exact accident location and was not properly verified.

Pursuant to General Municipal Law § 50-e (6), "a mistake, omission, irregularity or defect made in good faith" in a notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that the public corporation was not prejudiced thereby (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891; Palmieri v New York City Tr. Auth., 288 AD2d 361; Santiago v County of Suffolk, 280 AD2d 594). Here, the plaintiff's failure to more precisely describe the accident location was made in good faith. Furthermore, the defendant did not demonstrate any actual prejudice. The plaintiff identified the location of the accident in photographs depicting the repaved parking lot at a municipal hearing held seven months after the accident (see Calvoni v City of New York, 280 AD2d 572; Matter of Santarpia v City of New York, 231 AD2d 726; Davis v New York City Hous. Auth., 200 AD2d 606). Moreover, even if the notice had more accurately described the location of the defect, the defendant would have been unable to conduct a more meaningful investigation since the defect had already been repaired (see Williams v City of New York, 229 AD2d 114,

116-117; *see also Barnes v New York City Hous. Auth.,* 262 AD2d 46). Therefore, any "mistake, omission, irregularity, or defect" in the notice of claim was properly "corrected, supplied or disregarded" (General Municipal Law § 50-e [6]) by the Supreme Court.

Furthermore, the plaintiff's failure to properly verify his notice of claim was properly excused by the Supreme Court, since it does not appear that the defendant has been prejudiced thereby (*see Carver v Town of Riverhead,* 231 AD2d 545, 546; *Creary v Village of Mamaroneck,* 110 AD2d 870; *Mahoney v Town of Oyster Bay,* 71 AD2d 879). Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.