■ In the Matter of HIUDICTA BARRIOS, Appellant, v CITY OF NEW YORK, Respondent. [751 NYS2d 562] —In a proceeding pursuant to General Municipal Law § 50-e (6) for leave to serve an amended notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated May 9, 2002, which denied the petition.

Ordered that the order is reversed, with costs, the petition is granted, and the amended notice of claim is deemed served.

A court may, in its discretion, grant an application for leave to serve an amended notice of claim if the mistake, omission, irregularity, or defect in the original notice was made in good faith, and the municipality has not been prejudiced (*see* Gen-

eral Municipal Law § 50-e [6]; *D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891, 893; *Matter of Lebron v City of New York,* 293 AD2d 473; *Matter of Santarpia v City of New York,* 231 AD2d 726). In making a determination as to whether the municipality has been prejudiced, the court may consider the evidence adduced at a hearing conducted pursuant to General Municipal Law § 50-h, as well as any other evidence that is properly before it (*see D'Alessandro v New York City Tr. Auth., supra; Matter of Santarpia v City of New York, supra*). Here, there has been no allegation that the petitioner's error in describing the location of the accident in her notice of claim was made in bad faith. Moreover, the notice of claim was accompanied by photographs from which the correct location of the accident site could have been ascertained, and the City of New York was advised of the correct location at the hearing pursuant to General Municipal Law § 50-h, which took place approximately five months after the accident. Under these circumstances, the City failed to establish that the defective notice prejudiced it by impeding its ability to investigate the claim, and the Supreme Court improvidently exercised its discretion in denying the petition for leave to serve an amended notice of claim (*see Matter of Seraita v City of Yonkers,* 292 AD2d 456; *Matter of Santarpia v City of New York, supra*). S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.