■ MARIE MILLER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [774 NYS2d 376]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Levine, J.), entered May 28, 2003, which granted the defendant's motion to dismiss the complaint on the ground of a defective notice of claim, and dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied and the complaint is reinstated.

Pursuant to General Municipal Law § 50-e (6), "a mistake, omission, irregularity or defect made in good faith . . . may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby" (*see Cyprien v New York City Tr. Auth.*, 243 AD2d 673 [1997]). Here, there is no issue as to the plaintiff's good faith. In making a determination as to prejudice, the court may look to evidence adduced at the General Municipal Law § 50-h hearing and to other evidence before the court (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]).

The Supreme Court improvidently exercised its discretion in granting the defendant's motion to dismiss the complaint made at the commencement of the trial. The information provided by the plaintiff at the General Municipal Law § 50-h hearing was sufficient to put the defendant on notice as to the nature of her claim (*see Butler v Town of Smithtown*, 293 AD2d 696 [2002]; *Cruz v New York City Hous. Auth.*, 261 AD2d 296 [1999]). In addition, other evidence before the Supreme Court demonstrated that the defendant's employees inspected the accident site immediately after the accident, and that the defendant was aware of the plaintiff's claim as to the cause of the accident based on the plaintiff's deposition taken nearly four years before the trial. Moreover, additional evidence regarding the plaintiff's claim was adduced at the deposition of the defendant's employee taken six months before the trial. Thus, the fact that the defendant delayed until the eve of trial to move to dismiss the complaint on the ground of a defective notice of claim undermines its claim of prejudice (*see Palmieri v New York City Tr.*

*Auth.*, 288 AD2d 361 [2001]). Smith, J.P., Goldstein, Adams and Townes, JJ., concur.