■ CHRISTOPHER INGLE, Respondent, et al., Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [777 NYS2d 154]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 16, 2003, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Christopher Ingle.

Ordered that the order is affirmed insofar as appealed from, with costs.

A notice of claim must state "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]; *see Brown v City of New York,* 95 NY2d 389, 393 [2000]). The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation and to assess the merits of the claim (*see O'Brien v City of Syracuse,* 54 NY2d 353, 358 [1981]; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673, 674 [1997]; *Hoffman v New York City Hous. Auth.,* 187 AD2d 334 [1992]; *Levine v City of New York,* 111 AD2d 785, 786 [1985]). Whether the notice of claim substantially complies with the requirements of the statute depends on the circumstances of each case (*see Schwartz v City of New York,* 250 NY 332, 335 [1929]; *Cyprien v New York City Tr. Auth., supra; Levine v City of New York, supra*).

The appellant satisfied its burden of establishing that the injured plaintiff's notice of claim was plainly inadequate. The notice of claim failed to describe the location of the occurrence with sufficient particularity, and this failure was compounded by the lack of description of the exact cause of the injured plaintiff's fall (*see Caselli v City of New York,* 105 AD2d 251, 253 [1984]). However, General Municipal Law § 50-e (6) provides that a "mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that two conditions are met. First, the mistake, omission, irregularity, or defect must be made in good faith, and second, it must appear that the public corporation was not prejudiced thereby (*see D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891, 893 [1994]; *Palmieri v New York City Tr. Auth.,* 288 AD2d 361, 362 [2001]; *Cyprien v New York City Tr. Auth., supra*).

The appellant neither alleged nor presented any evidence to establish that the injured plaintiff's failure to describe the location of the occurrence with sufficient particularity or the exact cause of his fall was driven by bad faith. Moreover, it failed adequately to demonstrate that it was prejudiced by not having earlier received these details, since the injured plaintiff specifically identified the location of the accident at the hearing held pursuant to General Municipal Law § 50-h on May 6, 1996, one month after the appellant received the notice of claim and less than four months after the accident (*see Butler v Town of Smithtown,* 293 AD2d 696, 697 [2002]; *see also Palmieri v New York City Tr. Auth., supra; Calvoni v City of New York,* 280 AD2d 572, 573 [2001]; *Matter of Santarpia v City of New York,* 231 AD2d 726, 727 [1996]; *Davis v New York City Hous. Auth.,* 200 AD2d 606 [1994]; *Miles v City of New York,* 173 AD2d 298, 299 [1991]; *cf. Caselli v City of New York, supra* at 254). Accordingly, the Supreme Court providently exercised its discretion in disregarding the omission in the injured plaintiff's notice of claim (*see* General Municipal Law § 50-e [6]; *Butler v Town of Smithtown, supra*).

The appellant also failed to satisfy its prima facie burden of establishing that it did not have actual or constructive notice of the allegedly dangerous condition on the staircase or a reasonable time within which to correct it (*cf. Metling v Punia & Marx,* 303 AD2d 386, 387 [2003]; *Stone v Long Is. Jewish Med. Ctr.,* 302 AD2d 376, 377 [2003]). Therefore, we need not consider whether the opposition papers were sufficient to raise a triable issue of fact (*see Hayward v Rose & Thistle,* 278 AD2d 455, 456 [2000]). Smith, J.P., Krausman, Crane and Mastro, JJ., concur.