■ WILHELMINA D. HUDSON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [798 NYS2d 105]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 13, 2004, as denied their motion for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-e (2).

Ordered that the order is affirmed insofar as appealed from, with costs.

In determining whether there has been compliance with the

requirements of General Municipal Law § 50-e (2), courts should focus on whether the notice of claim included information sufficient to enable the municipal defendant to investigate the claim and whether, based on the claimant's description, municipal authorities could locate the place, fix the time, and understand the nature of the accident (*see Brown v City of New York*, 95 NY2d 389, 393 [2000]; *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]). Furthermore, General Municipal Law § 50-e (6) provides that a "mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that two conditions are met. First, the mistake, omission, irregularity, or defect must have been made in good faith, and second, it must appear that the public corporation was not prejudiced thereby (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Palmieri v New York City Tr. Auth.*, 288 AD2d 361, 362 [2001]; *Cyprien v New York City Tr. Auth.*, 243 AD2d 673, 674 [1997]).

In her notice of claim, the plaintiff provided the time and location of the accident, the route number of the bus that allegedly collided with her vehicle, and the manner in which her claim arose. The defendants were not prejudiced by the plaintiff giving two possible bus numbers which, upon investigation by the defendants, belonged to buses owned and operated by the defendants on other routes, since the information supplied by the plaintiff in the notice of claim was sufficient to enable the defendants to determine the place, time, and nature of the accident (*see Palmieri v New York City Tr. Auth., supra* at 362; *cf. Raisner v City of New York*, 272 AD2d 460 [2000]). Furthermore, the defendants' lengthy delay in moving to dismiss the complaint on the ground that the notice of claim was defective undermined their contention that they were prejudiced in not having the correct information sooner (*see Palmieri v New York City Tr. Auth., supra* at 362). Therefore, in the absence of any bad faith by the plaintiff and lack of prejudice to the defendants, the Supreme Court properly denied the motion for summary judgment dismissing the complaint (*see Power v Manhattan & Bronx Surface Operating Auth.*, 16 AD3d 655 [2005]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.