Weston Patterson, J.
(dissenting in part and concurring in part, and voting to dismiss the appeal from the order entered July 18, 2006 and reverse the judgment, vacate the order granting defendant’s motion for summary judgment, deny defendant’s motion for summary judgment, and reinstate the complaint, in the following memorandum).
While I agree with the majority that the appeal from the order entered July 18, 2006 should be dismissed, I respectfully disagree with the majority’s affirmance of the judgment. In determining whether a notice of claim is sufficient, courts should focus upon whether the notice of claim includes information sufficient to enable the defendant to investigate the claim and whether, based upon the claimant’s description, authorities could locate the place, fix the time, and understand the nature of the accident (see Brown v City of New York, 95 NY2d 389 [2000]; Hudson v New York City Tr. Auth., 19 AD3d 648 [2005]). The court is not limited to the “four corners” of the notice of claim, but may also look at other evidence which is properly before the court (see D Alessandro v New York City Tr. Auth., 83 NY2d 891 [1994]). General Municipal Law § 50-e (6) provides that a “mistake, omission, irregularity or defect” in the notice of claim may be “corrected, supplied or disregarded” in the court’s discretion, provided that two conditions are met. First, the mistake, omission, irregularity or defect must have been made in good faith. Second, it must appear that the public corporation was not prejudiced thereby (see D’Alessandro v New York City Tr. Auth., 83 NY2d at 893; Ingle v New York City Tr. Auth., 7 AD3d 574 [2004]; Cyprien v New York City Tr. Auth., 243 AD2d 673 [1997]).
I agree with the majority that plaintiffs failure to specify the location of the accident was done in good faith. However, since defendant waited more than three years to seek dismissal of the complaint, based upon the alleged defect in the notice of claim, said delay undermined any assertion by defendant that it was prejudiced in not having the specific information sooner (Hudson v New York City Tr. Auth., 19 AD3d 648 [2005], supra; Palmieri v New York City Tr. Auth., 288 AD2d 361 [2001]). Under these circumstances, the court below had the discretion to disregard the omission in the notice of claim (see Ingle v New York City Tr. Auth., 7 AD3d 574 [2004], supra).
It is apparent that for some time following the General Municipal Law § 50-h hearing and subsequent discovery process, defendant was aware of the precise location involved and there was no evidence to suggest that defendant was unable to *108 conduct its own investigation of the stairway at issue. Thus, it was an improvident exercise of discretion for the court to dismiss the complaint based upon plaintiffs failure to seek leave to amend the notice of claim.
Furthermore, it is well settled that a party seeking summary judgment must establish its position by tender of evidentiary proof in admissible form sufficient to warrant judgment in its favor as a matter of law (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If the proponent of the motion does not tender evidence which would eliminate material issues of fact from the case, the motion must be denied, regardless of the sufficiency of the opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Defendant failed in its initial burden to establish that it did not create, or have actual or constructive notice of, the alleged defective condition. The motion was supported by an attorney’s affirmation which was of no probative or evidentiary value since it was not based upon personal knowledge (see Zuckerman v City of New York, 49 NY2d at 563). No foundation was laid for the various exhibits proffered in support of the motion.
While four photocopied photographs of the stairway in question were submitted, there was nothing in the motion papers to indicate the source and date of the photographs. With regard to the maintenance and repair record, it was accompanied only by the affirmation of counsel, and no foundation was laid to establish that the record was admissible under CPLR 4518. While defendant properly submitted an affidavit of defendant’s administrative associate which stated that no prior similar claims were made regarding the stairway in question, the affidavit, in and of itself, was insufficient to establish defendant’s lack of notice. In light of the foregoing, defendant’s motion for summary judgment dismissing the complaint should not have been granted.
Pesce, EJ., and Golia, J., concur; Weston Patterson, J., dissents in part and concurs in part in a separate memorandum.