■ WENDY FAST, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendant. [54 NYS3d 121]—

Appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated July 1, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to serve an amended notice of claim and denied the cross motion of the defendant County of Nassau to dismiss the complaint insofar as asserted against it for failure to serve a sufficient notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a bicycle accident that occurred on March 30, 2013. At the time of the accident, the plaintiff was bicycling on the Long Island Expressway service road in Nassau County. The plaintiff served a timely notice of claim, which included a detailed description of the accident location and photographs of that site. The notice of claim alleged that the plaintiff was "lawfully traveling" on the service road when she was injured as a result of a defective roadway condition.

The plaintiff subsequently moved, inter alia, for leave to serve an amended notice of claim, in order to specify in the notice of claim that the incident occurred while she was bicycling. The defendant County of Nassau cross-moved to dismiss the complaint based on the failure to serve a sufficient notice of claim. The Supreme Court granted that branch of the plaintiff's motion and denied the County's cross motion. The County appeals.

A court may, in its discretion, grant an application for leave to serve an amended notice of claim if the mistake, omission, irregularity, or defect in the original notice was made in good faith, and the municipality has not been prejudiced (see General Municipal Law § 50-e [6]; D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [1994]; Goodwin v New York City Hous. Auth., 42 AD3d 63 [2007]; Matter of Barrios v City of New York, 300 AD2d 480 [2002]; Matter of Lebron v City of New York, 293 AD2d 473, 474 [2002]). In making a determination as to whether the municipality has been prejudiced, the court may consider the evidence adduced at a hearing conducted pursuant to General Municipal Law § 50-h, as well as any other evidence that is properly before the court (see D'Alessandro v New York City Tr. Auth., 83 NY2d at 893; Matter of Barrios v City of New York, 300 AD2d at 481).

Here, the record does not show any bad faith on the part of the plaintiff, and the County failed to show that it would be prejudiced by the amendment. In particular, the County does not allege that the condition of the roadway changed prior to the service of the summons and complaint, which alleged that the plaintiff was injured while bicycling. Moreover, the record shows that Nassau County Police Department EMS personnel responded to the scene of the accident, and EMS personnel prepared a written report indicating that the plaintiff fell from a bicycle.

In light of the lack of bad faith and the absence of demonstrable prejudice to the County, the Supreme Court did not

improvidently exercise its discretion in granting that branch of the plaintiff's motion which was for leave to serve an amended notice of claim, and in denying the County's cross motion to dismiss the complaint based on failure to serve a sufficient notice of claim (*see Avery v New York City Tr. Auth.*, 138 AD3d 770, 771 [2016]; *Copeland v City of New York*, 90 AD3d 691, 692 [2011]; *Ming v City of New York*, 54 AD3d 1011, 1012 [2008]; *Matter of Barrios v City of New York*, 300 AD2d at 481). Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.